IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF<br>  GOVERNMENT EMPLOYEES, et al.,<br><br>           Plaintiffs,<br>      v.<br><br>DONALD RUMSFELD, SECRETARY OF<br>  DEFENSE, et al.,<br><br>           Defendants. | )<br>)<br>)<br>)<br>) Case No. 1:05CV02183 EGS<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Civil Rules 7(h) and 56.1, Defendants submit the following response to Plaintiffs' Statement of Material Facts Not in Dispute in the above-captioned action. Defendants have filed a Motion to Dismiss this action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants believe there are no facts material to the Court's disposition of this action.

Defendants nonetheless respond individually below to each of the assertions in Plaintiffs' Statement of Material Facts Not in Dispute. Defendants state that there are no allegations of material fact set forth in Plaintiffs' Statement of Material Facts Not in Dispute that could give rise to a genuine issue necessary to be litigated in this action. Defendants note that the vast majority of plaintiffs' assertions are not material and/or are not facts. Defendants respond to Plaintiffs' Statement of Material Facts Not in Dispute as follows:

   1. Not disputed.

   2. Not disputed.

   3. Not disputed.

4. The first sentence is not disputed. The second sentence is not disputed and is not material. The third sentence is not disputed and is not material.

5. The first sentence is not disputed. The second sentence is disputed as to characterization. These assertions are not material.

6. As to the first sentence, defendants do not know when the Unions learned that the Agencies had convened working groups to draft proposed regulations for a new labor relations system. The second sentence is disputed as to the characterization that plaintiffs "repeatedly requested the opportunity to participate" in the internal groups. The third sentence is not disputed. As to the fourth sentence, it is not disputed that the Agencies did not provide the Unions with internal agency documents. The assertions in this paragraph are not material.

7. Not disputed. Defendants note that the referenced proposed regulations provided for establishment of a labor relations system as well as a human resource management system.

8. Not disputed as to the assertion that Plaintiffs submitted comments which contained objections to various provisions of the proposed regulations. The assertion is disputed to the extent that it relies on vague and subjective terms such as "detailed." The degree to which the Unions' comments were or were not "detailed" is not material.

9. The first sentence is not disputed; however, the referenced meetings occurred in April, May, and June, not just May and June as asserted by Plaintiffs. 70 Fed. Reg. 66116, 66122 (Nov. 1, 2005). The first part of the second sentence is not disputed; the second part of the sentence is disputed to the extent that it implies that the unions submitted packages throughout the entire meet and confer period. All but three of the substantive proposals submitted by the unions were submitted after May 15, 2005. Regardless, this is not material. The third sentence is disputed as

to characterization, but it is not disputed that the Agencies informed the plaintiffs that the Agencies are entitled to modify the provisions of title 5, chapter 71, in crafting regulations pursuant to 5 U.S.C. § 9902(m). The fourth sentence, which is not supported by citation, is disputed but it is not material. The fifth sentence is not disputed. The sixth sentence is disputed but it is not material. Defendants note that the Agencies engaged in a meaningful meet and confer process, took Union comments seriously, and made numerous changes to the proposed regulations in response to objections and comments from the Unions. *See* 70 Fed. Reg. at 66178 (changing definitions of "confidential employee"; "implementing issuances"; "supervisor" as it relates to nurses and firefighters; and limiting who within DoD is permitted to issue implementing issuances); 66179 (adding § 9901.905(c) to make clear that any provision of a CBA that is inconsistent with non-implementing issuances will remain in effect until the expiration, extension, or renewal of the agreement; and adding a regulation that permits unions to nominate individuals to seats on the NSLRB); 66181 (modifying the regulations to permit the Secretary to engage in bargaining over procedures to be followed in exercising operational management rights, and appropriate arrangements on the routine matters related to the operation management rights); 66183 (modifying § 9901.916 to provide six months to file an unfair labor practice; adopting a recommendation to delete the prohibition on ratification in § 9901.919(b)(5)); 66184 (providing new regulations allowing employees the right to grieve performance ratings through the negotiated grievance procedures using either a panel or traditional arbitration).

      10. Not disputed. Defendants note that the referenced final regulations provided for establishment of a labor relations system as well as a human resource management system.

11. Not disputed as to the assertion that in the federal sector, bargaining takes place regarding impact and implementation of an agency's management rights, negotiated procedures, and arrangements for adversely affected employees. The assertion is disputed to the extent that it relies on vague and subjective terms such as "much of the bargaining." This assertion is not material.

12. Not disputed as to the assertion that the plaintiffs engage in impact and implementation negotiations, negotiated procedures negotiations, and arrangements negotiations. The assertion that plaintiffs "secure important workplace benefits" is a vague and subjective characterization that defendants dispute, not a fact. These assertions are not material.

13. Disputed to the extent that this assertion suggests that procedures negotiated by plaintiffs are the only procedures governing overtime, staffing decisions, reductions in force, appropriate arrangements for employees exposed to safety or health hazards. These areas are governed, in part, by government-wide procedures. Not disputed that AFGE has negotiated agreements addressing these areas. Regardless, these assertions are not material.

14. This assertion is not material.

15. This assertion is not material.

16. Disputed to the extent that this assertion suggests that procedures negotiated by plaintiffs are the only procedures governing overtime. Not disputed as to the assertion that some or all of the plaintiffs have negotiated agreements addressing this area. These assertions are not material.

17. This assertion is not material.

18. Disputed to the extent that this assertion suggests that procedures negotiated by

plaintiffs are the only procedures governing safety and health issues. This assertion is also disputed to the extent it relies on vague and subjective terms such as "comprehensive procedures and arrangements." Not disputed as to the assertion that some or all of the plaintiffs have negotiated agreements addressing this area. These assertions are not material.

19. Disputed to the extent that it is a subjective and vague generalization about employee experiences. This assertion is not material.

20. Disputed to the extent that this assertion suggests that procedures negotiated by plaintiffs are the only procedures governing work schedules. This assertion is also disputed to the extent it relies on vague and subjective terms such as "addressed these effects." Not disputed as to the assertion that some or all of the plaintiffs have negotiated agreements addressing this area. These assertions are not material.

21. This assertion is disputed as to characterization, but it is not disputed that union representatives are given the opportunity to be present at any examination of a bargaining unit employee unit by an agency representative in connection with an investigation, if the employee reasonably believes that the examination may result in disciplinary action against the employee and the employee requests representation; and that Union representatives are sometimes present, representing the Union, at formal discussions between management and bargaining unit employees. This assertion is not material.

22. Not disputed that certain of the plaintiffs have represented employees of Non-Appropriated Fund Instrumentalities within the DoD and have negotiated contracts on their behalf. The remaining assertion in Paragraph 22 of Plaintiffs' Statement constitutes an assertion of law, and not an assertion of fact that could give rise to a genuine issue that needs to be

litigated.

Dated: December 8, 2005

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

\_\_\_/s/_____
SUSAN K. RUDY, D.C. Bar # 369112
JOSEPH W. LOBUE, D.C. Bar # 293514
JEFFREY M. SMITH, D.C. Bar # 467936
JONATHAN ZIMMERMAN, MA Bar # 654255
Attorneys, U.S. Department of Justice
20 Massachusetts Avenue, N.W., Room 7300
Washington, D.C.  20530
Telephone:  (202) 514-4640
Attorneys for Defendants