PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND REPLY SUPPORTING PLAINTIFFS MOTION FOR SUMMARY JUDGMENT:

# ATTACHMENT A

# Congress of the United States
## Washington, DC 20515

February 25, 2004

The Honorable Donald H. Rumsfeld
Secretary of Defense
U.S. Department of Defense
The Pentagon
Washington, DC 20301

Dear Mr. Secretary:

We are writing to express our serious concerns about a proposal for a new Department of Defense (DoD) labor relations system that was distributed to congressional staff on February 6, 2004.

The National Defense Authorization Act (NDAA), which was passed by Congress last November, provided that DoD could not waive Chapter 71 of Title 5 of the U.S. Code.[1] Chapter 71 sets forth the right of employees to join unions, the right of unions to bargain collectively, the duty of unions and management to bargain in good faith, the determination of appropriate bargaining units, and protections against unfair labor practices. However, the NDAA also allowed DoD to set up a new labor system for the next six years "to address the unique role that the Department's civilian workforce plays in supporting the Department's national security mission."[2] Through these two provisions of the NDAA, Congress intended that DoD protect the basic employee rights contained in Chapter 71, yet allowed DoD to modify the procedures for resolving labor-management disputes for the next six years. However, any such modifications would have to be consistent with Chapter 71 in furtherance of the Department's "national security mission."

Notwithstanding Congress' desire to balance employee rights and DoD's need for flexibility, we believe the recent DoD proposal abrogates the essential principles of Chapter 71 and goes well beyond what Congress intended in the NDAA. The DoD proposal effectively eliminates collective bargaining by providing only perfunctory "consultation" followed by unilateral implementation. This is not good-faith collective bargaining. It is noteworthy that the DoD proposal states that the new labor relations system "will not employ any provisions of 5 USC Chapter 71."

The details of the DoD proposal contain wholesale changes to the current federal employee labor relations system, including changes to internal union procedures, which have no relation to the Department's national security mission. These changes appear to be aimed solely at making it more difficult for employees to join unions. Such changes undermine the Civil Service Reform Act of 1978, which plainly stated that the right of employees to organize, bargain collectively, and participate through labor organizations of their own choosing in

---

[1] National Defense Authorization Act for Fiscal Year 2004 (P.L. 108-136), § 9902(d)(2).

[2] Id. at § 9902(m) (emphasis added).

The Honorable Donald H. Rumsfeld
February 25, 2004
Page 2

decisions which affect them safeguards the public interest and contributes to the effective conduct of public business.

Among the most significant changes sought by DoD are:

- DoD can unilaterally decide what personnel changes are "significant" enough to be subject to collective bargaining;

- DoD is required to engage only in "consultation" with unions over proposed personnel changes. If DoD and its unions cannot reach agreement, the Department can unilaterally implement the personnel changes and cut off all post-implementation negotiations;

- DoD can unilaterally issue regulations to supersede existing collective bargaining agreements negotiated by the Department and its unions;

- Large numbers of DoD employees — including some clerical employees, some professional employees, attorneys, and term-appointment employees — will be prohibited from joining unions;

- DoD can establish unrealistic requirements for the creation of a new bargaining unit;

- DoD is absolved of all liability should it mishandle union dues withheld from employee paychecks; and

- DoD can interfere in internal union procedures by requiring unions to provide a new fee-for-service arrangement for employees who do not wish to join unions but would like union representation on specific matters.

We believe the DoD proposal is also contrary to Congress' intent in other respects. The NDAA stated that the establishment of the new DoD personnel system must be "prescribed jointly with the Director" of the Office of Personnel Management (OPM). Based on our conversations with OPM officials, we understand that OPM has played only a minor role in the formulation of this proposal.

In addition, the NDAA states that any labor relations system developed by DoD must provide for "independent third party review of decisions."[3] Under the DoD proposal, this review would be provided by a newly created Defense Labor Relations Board (DLRB) that would be located within the Department and whose members would be selected solely by the Secretary. We do not see how such a system could possibly be "independent."

---

[3] Id. at § 9902(m)(6).

The Honorable Donald H. Rumsfeld
February 25, 2004
Page 3

    We understand that the proposal provided to congressional staff is only an initial proposal and may be modified after consultations with employee groups. However, we strongly urge the Department to withdraw this proposal immediately and submit a new proposal that is consistent with the intent of Congress.

    Sincerely,

Henry A. Waxman
Ranking Minority Member
Committee on Government Reform
U.S. House of Representatives

Joseph I. Lieberman
Ranking Minority Member
Committee on Governmental Affairs
U.S. Senate

Ike Skelton
Ranking Minority Member
Committee on Armed Services
U.S. House of Representatives

Carl Levin
Ranking Minority Member
Committee on Armed Services
U.S. Senate

Richard J. Durbin
Ranking Minority Member
Subcommittee on Oversight
  of Government Management,
  the Federal Workforce, and
  the District of Columbia
Committee on Governmental
  Affairs
U.S. Senate

Daniel K. Akaka
Ranking Minority Member
Subcommittee on Financial
  Management, the Budget,
  and International Security
Committee on Governmental
  Affairs
U.S. Senate

Danny K. Davis
Ranking Minority Member
Subcommittee on Civil Service
  and Agency Organization
Committee on Government
  Reform
U.S. House of Representatives