# Defendants' Statutory And Regulatory Addendum

*AFGE, et al. v. Rumsfeld, et al.,*
05-CV-2183

# Table of Contents (1)

Statutory Provisions Governing LR System (1)……………………………………………………1 - 4

Duty To Bargain ……………………………………………………………………………………5
     5 C.F.R. § 9901.917(d)(1)

Management Rights (Actions Necessary To DoD's Mission)……………………………………6
     5 C.F.R. § 9901.910(a)(1) – (3)

Management Rights (Procedures Observed in Exercising Management Rights)……………...7
     5 C.F.R. § 9901.910(b), (d), and (f)(1)

Management Rights (Appropriate Arrangements for Employees)……………………………….8
     5 C.F.R. § 9901.910(f)(1) & (2), and (h)

Notice of Exercise of Management Rights……………………………………………………….9
     5 C.F.R. § 9901.910(e) and (i)

Provisions Governing Collective Bargaining Of Pay……………………………………………10
     5 C.F.R. §§ 9901.305, 9901.917(a), 9901.903

Enforceability of CBAs Inconsistent With LR System……………………………………….....11
     5 C.F.R. §§ 9901.103, 9901.905(a), 9901.916(a)(7)

Provisions Governing LR Dispute Resolution…………………………………………………..12
     5 C.F.R. §§ 9901.907(b)(1) and (2), 9901.908(b), 9901.909(a)(4)

Resolution of Grievances/ Arbitration (1)………………………………………………………..13
     5 C.F.R. § 9901.922(a)(1) and (b)(1)

Resolution of Grievances/ Arbitration (2)………………………………………………………..14
     5 C.F.R. §§ 9901.922(f)(1) and (2), 9901.923(a)

# Table of Contents (2)

Employee Representatives' Standards of Conduct…………………………………………..15
      5 C.F.R. §§ 9901.906, 9901.914(a)(4)

Definition of "Supervisor"……………………………………………………………………..16
      5 C.F.R. § 9901.903

Attendance At Formal Discussions…………………………………………………………………17
      5 C.F.R. § 9901.914(a)(2)(i) & (ii)

Production of Information…………………………………………………………………………..18
      5 C.F.R. § 9901.914(b)(5) & (c)

Authorization to Develop an Appeals Process……………………………………………..19

MSPB Review of Appeals Process……………………………………………………………….20

Appeals Process (Agency Decision - 1)……………………………………………………..21
      5 C.F.R. §§ 9901.714(a), 9901.715(a), 9901.716(c), 9901.712(a)

Appeals Process (Agency Decision – 2)……………………………………………………………22
      5 C.F.R. §§ 9901.807(a),(e) and (f), 9901.808(b) and (c)

Appeals Process (Agency Decision – 3)……………………………………………………….23
      5 C.F.R. § 9901.807(g)

Appeals Process (MSPB Review)…………………………………………………….................24
      5 C.F.R. §§ 9901.807(f)(3), (f)(4), and (h)(2)

Appeals Process (Interim Relief)……………………………………………………………..25
      5 C.F.R. § 9901.807(f)(5)(i)

# Statutory Provisions Governing LR System (1)

**5 U.S.C. § 9902(a)**

(a)  In general. Notwithstanding any other provision of this part, the Secretary may, in regulations prescribed jointly with the Director, establish, and from time to time adjust, a human resources management system for some or all of the organizational or functional units of the Department of Defense. The human resources management system established under authority of this section shall be referred to as the "National Security Personnel System".

**5 U.S.C. § 9902(b)**

(b)  System requirements. Any system established under subsection (a) shall--
 (1) be flexible;
 (2) be contemporary;
 (3) not waive, modify, or otherwise affect. . .
     (D) any other provision of this part (as described in subsection (d));
 (4) ensure that employees may organize, bargain collectively as provided for in this chapter, and participate through labor organizations of their own choosing in decisions which affect them, subject to the provisions of this chapter and any exclusion from coverage or limitation on negotiability established pursuant to law;

# <u>Statutory Provisions Governing LR System (2)</u>

**5 U.S.C. § 9902(d)**

(d) Other nonwaivable provisions. The other provisions of this part referred to in
subsection (b)(3)(D) are (to the extent not otherwise specified in this title)--
  (2) chapters 41, 45, 47, 55 (except subchapter V thereof, apart from section 5545b),
  57, 59, 71, 72, 73, and 79, and this chapter.

**5 U.S.C. § 9902(m)(1) and (2)**

(m) Labor management relations in the Department of Defense.
  (1) Notwithstanding section 9902(d)(2), the Secretary, together with the Director, may
  establish and from time to time adjust a labor relations system for the Department of
  Defense to address the unique role that the Department's civilian workforce plays in
  supporting the Department's national security mission.
  (2) The system developed or adjusted under paragraph (1) would allow for a
  collaborative issue-based approach to labor management relations.

# <u>Statutory Provisions Governing LR System (3)</u>

**5 U.S.C. § 9902(m)(3)**

(3) In order to ensure that the authority of this section is exercised in collaboration with, and in a manner that ensures the participation of, employee representatives in the development and implementation of the labor management relations system or adjustments to such system under this section, the Secretary shall provide for the following:

  (A) The Secretary and the Director shall, with respect to any proposed system or adjustment--

    (i) afford employee representatives and management the opportunity to have meaningful discussions concerning the development of the new system;

    (ii) give such representatives at least 30 calendar days (unless extraordinary circumstances require earlier action) to review the proposal for the system and make recommendations with respect to it; and

    (iii) give any recommendations received from such representatives under clause (ii) full and fair consideration.

  (B) Following receipt of recommendations, if any, from such employee representatives with respect to a proposal described in subparagraph (A), the Secretary and the Director shall accept such modifications to the proposal in response to the recommendations as are determined advisable and shall, with respect to any parts of the proposal as to which they have not accepted the recommendations--

    (i) meet and confer for not less than 30 calendar days with the employee representatives, in order to attempt to reach agreement on whether or how to proceed with those parts of the proposal; and

    (ii) at the Secretary's option, or if requested by a majority of the employee representatives participating, use the services of the Federal Mediation and Conciliation Service during such meet and confer period to facilitate the process of attempting to reach agreement.

  (C)(i) Any part of the proposal described in subparagraph (A) as to which employee representatives do not make a recommendation, or as to which the recommendations are accepted under subparagraph (B), may be implemented immediately.

    (ii) With respect to any parts of the proposal as to which recommendations have been made but not accepted, at any time after 30 calendar days have elapsed since the consultation and mediation procedures set forth in subparagraph (B), if the Secretary, in his discretion, determines that further consultation and mediation is unlikely to produce agreement, the Secretary may implement any or all of such parts (including any modifications made in response to the recommendations as the Secretary determines advisable), but only after 30 days have elapsed after notifying Congress of the decision to implement the part or parts involved (as so modified, if applicable).

  (D) The process for collaborating with employee representatives provided for under this subsection shall begin no later than 60 calendar days after the date of enactment of this subsection [enacted Nov. 24, 2003].

# Statutory Provisions Governing LR System (4)

**5 U.S.C. § 9902(m)(4) – (9)**

(4)  The Secretary may engage in any and all collaboration activities described in this subsection at an organizational level above the level of exclusive recognition

(5)  The system developed or adjusted under this subsection may incorporate the authority to bargain at a level above the level of exclusion recognition provided for in subsection (g) of this section, but may not abrogate or modify the authority provided for in that subsection. Notwithstanding this subsection, the Secretary may, at his discretion, implement the authority in subsection (g) immediately upon enactment of this subsection [enacted Nov. 24, 2003].

(6)  The labor relations system developed or adjusted under this subsection shall provide for independent third party review of decisions, including defining what decisions are reviewable by the third party, what third party would conduct the review, and the standard or standards for that review.

(7)  Nothing in this section, including the authority provided to waive, modify, or otherwise affect provisions of law not listed in subsections (b) and (c) as nonwaivable, shall be construed to expand the scope of bargaining under chapter 71 [5 USCS §§ 7101 et seq.] or this subsection with respect to any provision of this title that may be waived, modified, or otherwise affected under this section.

(8)  The labor relations system developed or adjusted under this subsection shall be binding on all bargaining units within the Department of Defense, all employee representatives of such units, and the Department of Defense and its subcomponents, and shall supersede all other collective bargaining agreements for bargaining units in the Department of Defense, including collective bargaining agreements negotiated with employee representatives at the level of recognition, except as otherwise determined by the Secretary.

(9)  Unless it is extended or otherwise provided for in law, the authority to establish, implement and adjust the labor relations system developed under this subsection shall expire six years after the date of enactment of this subsection [enacted Nov. 24, 2003], at which time the provisions of chapter 71 [5 USCS §§ 7101 et seq.] will apply.

# Duty To Bargain

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7117(a)(1) – (3)<br><br>(a) (1) Subject to paragraph (2) of this subsection, the duty to bargain in good faith shall, to the extent not inconsistent with any Federal law or any Government-wide rule or regulation, extend to matters which are the subject of any rule or regulation only if the rule or regulation is not a Government-wide rule or regulation.<br><br>(2) The duty to bargain in good faith shall, to the extent not inconsistent with Federal law or any Government-wide rule or regulation, extend to matters which are the subject of any agency rule or regulation referred to in paragraph (3) of this subsection only if the Authority has determined under subsection (b) of this section that no compelling need (as determined under regulations prescribed by the Authority) exists for the rule or regulation.<br><br>(3) Paragraph (2) of the subsection applies to any rule or regulation issued by any agency or issued by any primary national subdivision of such agency, unless an exclusive representative represents an appropriate unit including not less than a majority of the employees in the issuing agency or primary national subdivision, as the case may be, to whom the rule or regulation is applicable. | 5 C.F.R. § 9901.917(d)(1)<br><br>Management may not bargain over any matters that are inconsistent with law or the regulations in this part, Governmentwide rules and regulations, issuances and implementing issuances, or Executive orders. |

**Authority for regulation:  5 U.S.C. § 9902(m)(1) & (m)(6)**

# Management Rights
## (Actions Necessary To DoD's Mission)

| Preexisting Statute | NSPS Regulation |
|---|---|
| **5 U.S.C. § 7106(a)(1), (a)(2), and (b)(1)**<br><br>(a) Subject to subsection (b) of this section, nothing in this chapter [5 USCS §§ 7101 et seq.] shall affect the authority of any management official of any agency--<br>  (1) to determine the mission, budget, organization, number of employees, and internal security practices of the agency; and<br>  (2) in accordance with applicable laws--<br>   (A) to hire, assign, direct, layoff, and retain employees in the agency, or to suspend, remove, reduce in grade or pay, or take other disciplinary action against such employees;  (B) to assign work, to make determinations with respect to contracting out, and to determine the personnel by which agency operations shall be conducted; (C) with respect to filling positions, to make selections for appointments from--  (i) among properly ranked and certified candidates for promotion; or (ii) any other appropriate source; and (D) to take whatever actions may be necessary to carry out the agency mission during emergencies.<br><br>(b) Nothing in this section shall preclude any agency and any labor organization from negotiating – (1) at the election of the agency, on the numbers, types, and grades of employees or positions assigned to any organizational subdivision, work project, or tour of duty, or on the technology, methods, and means of performing work. | **5 C.F.R. § 9901.910(a)(1) – (3)**<br><br>(a) Subject to paragraphs (b) through (e) of this section, nothing in this subpart may affect the authority of any management official or supervisor of the Department --<br><br>(1) To determine the mission, budget, organization, number of employees, and internal security practices of the Department;<br><br>(2) To hire, assign, and direct employees in the Department; to assign work, make determinations with respect to contracting out, and to determine the personnel by which Departmental operations may be conducted; to determine the numbers, types, pay schedules, pay bands and/or grades of employees or positions assigned to any organizational subdivision, work project or tour of duty, and the technology, methods, and means of performing work; to assign employees to meet any operational demand; and to take whatever other actions may be necessary to carry out the Department's mission; and<br><br>(3) To lay off and retain employees, or to suspend; remove; reduce in pay, pay band, or grade; or take other disciplinary action against such employees or, with respect to filling positions, to make selections for appointments from properly ranked and certified candidates for promotion or from any other appropriate source. |

**Authority for regulation:  5 U.S.C. § 9902(m)(1)**

# Management Rights
## (Procedures Observed in Exercising Management Rights)

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7106(a) & (b)(2)<br><br>(a) Subject to subsection (b) of this section, nothing in this chapter [5 USCS §§ 7101 et seq.] shall affect the authority of any management official of any agency [to exercise a management right identified in § 7106(a)].<br><br>(b) Nothing in this section shall preclude any agency and any labor organization from negotiating--<br>  (2) procedures which management officials of the agency will observe in exercising any authority under this section; or | 5 C.F.R. § 9901.910(b), (d), and (f)(1)<br><br>(b) Management is prohibited from bargaining over the exercise of any authority under paragraph (a) of this section or the procedures that it will observe in exercising the authorities set forth in paragraphs (a)(1) and (a)(2) of this section.<br><br>(d) Unless the Secretary elects to bargain under paragraph (c) of this section, management will consult at the request of an exclusive representative as required under § 9901.917 over the procedures that will be observed in exercising the authorities set forth in paragraphs (a)(1) and (a)(2) of this section. . .<br><br>(f) [T]he parties will bargain at the level of recognition . . . over otherwise negotiable – (1)(i) . . . procedures which management officials and supervisors will observe in exercising any authority under paragraph (a)(3) of this section . . . . |

## Authority for regulation:  5 U.S.C. § 9902(m)(1)

# Management Rights
## (Appropriate Arrangements for Employees)

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7106(b)(3)<br><br>(b) Nothing in this section shall preclude any agency and any labor organization from negotiating--<br><br>(3) appropriate arrangements for employees adversely affected by the exercise of any authority under this section by such management officials. | 5 C.F.R. § 9901.910(f)(1) & (2), and (h)<br><br>(f) [T]he parties will bargain at the level of recognition . . . over otherwise negotiable –<br><br>(1)(i) Appropriate arrangements for employees adversely affected by the exercise of any authority under paragraph (a)(3) of this section . . . ;<br><br>and (ii) Appropriate arrangements for employees adversely affected by the exercise of any authority under paragraphs (a)(1) and (a)(2) of this section. Appropriate arrangements within the duty to bargain include proposals on matters such as personal hardships and safety measures.<br><br>(2) Appropriate arrangements within the duty to bargain do not include proposals on matters such as the routine assignment to specific duties, shifts, or work on a regular or overtime basis except when the Secretary in his or her sole, exclusive, and unreviewable discretion authorizes such bargaining. This authorization will be based on a determination by the Secretary, in his or her sole, exclusive, and unreviewable discretion, that bargaining is necessary to advance the Department's mission or promote organizational effectiveness. . .<br><br>**5 C.F.R. § 9901.910(h)**<br><br>(h) Any mid-term agreements, reached with respect to paragraphs (c), (f)(1)(ii), or (f)(2) of this section will not be precedential or binding on subsequent acts, or retroactively applied, except at the Secretary's sole, exclusive, and unreviewable discretion. |

## Authority for regulation:  5 U.S.C. § 9902(m)(1)

*AFGE et al. v. Rumsfeld et al.*,
05-CV-2183*

# Notice of Exercise of Management Rights

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7106(b)(2) & (3)<br><br>(b) Nothing in this section shall preclude any agency and any labor organization from negotiating--<br><br>(2) procedures which management officials of the agency will observe in exercising any authority under this section;<br><br>(3) appropriate arrangements for employees adversely affected by the exercise of any authority under this section by such management officials. | 5 C.F.R. § 9901.910(e) and (i)<br><br>(e) If an obligation exists under § 9901.917 to bargain or consult regarding any authority under paragraph (a) of this section, management will provide notice to the exclusive representative concurrently with the exercise of that authority. . .<br><br>(i) Nothing will delay or prevent the Secretary from exercising his or her authority under this subpart. |

**Authority for regulation:  5 U.S.C. § 9902(m)(1)**

# Provisions Governing Collective Bargaining Of Pay

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7114(a)(4)<br><br>(4) Any agency and any exclusive representative . . . shall meet and negotiate in good faith for the purposes of arriving at a collective bargaining agreement.<br><br>5 U.S.C. § 7103(a)(12) and (14)<br><br>(12) "collective bargaining" means . . . [to] bargain in a good-faith effort to reach agreement with respect to the conditions of employment . . .;<br><br>(14) "conditions of employment" means personnel policies, practices, and matters . . . affecting working conditions, except that such term does not include policies, practices, and matters-- (C) to the extent such matters are specifically provided for by Federal statute. . . | 5 C.F.R. § 9901.917(a)<br>(a) The Department . . . and any exclusive representative . . . will meet and negotiate in good faith as provided in this subpart for the purpose of arriving at a [CBA].<br><br>5 C.F.R. § 9901.903<br>" collective bargaining" means . . . to bargain in a good faith effort to reach agreement . . . with respect to the conditions of employment . . .<br><br>"conditions of employment" means personnel policies, practices and matters affecting working conditions . . . except that such term does not include . . . (3) The pay of any employee or for any position . . .; or (4) Any matters specifically provided for by statute.<br><br>5 C.F.R. § 9901.305<br>Pursuant to 9902(f)(4) and (m)(7), any pay program under . . . this subpart is not subject to collective bargaining. This bar applies to all aspects of the pay program, including . . . the setting and adjustment of pay levels . . . |

**Authority for regulation:  5 U.S.C. § 9902(f)(4), (m)(1) and (m)(7)**

# Enforceability of CBAs Inconsistent With LR System

| **Preexisting Statute** | **NSPS Regulation** |
|---|---|
| 5 U.S.C. § 7116(a)(7)<br><br>(a) For the purpose of this chapter [5 USC §§ 7101 et seq.], it shall be an unfair labor practice for an agency—<br><br>(7) to enforce any rule or regulation (other than a rule or regulation implementing section 2302 of this title [5 USCS § 2302]) which is in conflict with any applicable collective bargaining agreement if the agreement was in effect before the date the rule or regulation was prescribed; | 5 C.F.R. § 9901.905(a)<br><br>(a) Any provision of a [CBA] that is inconsistent with this part and/or implementing issuances is unenforceable on the effective date . . . .<br><br>5 C.F.R. § 9901.916(a)(7)<br><br>(a) For the purpose of this subpart, it is an unfair labor practice for the Department -- (7) To enforce any issuance (other than an implementing issuance), or Governmentwide regulation, which is in conflict with an applicable [CBA] if the agreement was in effect before the issuance or regulation was prescribed.<br><br>5 C.F.R. § 9901.103<br><br>Implementing issuance(s) means a document or documents issued by the Secretary, Deputy Secretary, Principal Staff Assistants (as authorized by the Secretary), or Secretaries of the Military Departments to carry out a policy or procedure implementing this part. |

**Authority for regulation:  5 U.S.C. § 9902(m)(1) & (m)(8)**

# Provisions Governing LR Dispute Resolution

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7105(a)(2)<br><br>(a)(2) The [FLRA] shall . . . (E) resolve[] issues relating to the duty to bargain in good faith . . . (G) conduct hearing and resolve complaints of unfair labor practices . . . (H) resolve exceptions to arbitration awards . . .<br><br>5 U.S.C. § 7119(c)(1) and (c)(5)(B)<br><br>(c)(1) The Federal Service Impasses Panel is an entity within the [FLRA] . . . .<br><br>(c)(5)(B) If the parties do not arrive at a settlement . . ., the Panel may– (iii) take whatever action is necessary and not inconsistent with this chapter to resolve the impasse. | 5 C.F.R. § 9901.907(b)(1) and (2)<br><br>(b)(1) The [NSLRB] is composed of at least three members who are appointed by the Secretary . . .<br>(2) . . . Members may be removed by the Secretary only for inefficiency, neglect of duty or malfeasance in office.<br><br>5 C.F.R. § 9901.908(b)<br><br>(b) The [NSLRB] may . . . –<br> (1) . . . resolve allegations of unfair labor practices . . .;<br> (2) Resolve issues relating to the scope of bargaining and the duty to bargain in good faith under § 9901.917;<br> (3) Resolve exceptions to arbitration awards . . .;<br> (4) Resolve negotiation impasses . . . ;<br><br>5 C.F.R. § 9901.909(a)(4)<br><br>(a) [T]he [FLRA] . . . may– (4) Upon request of a party, review only those [NSLRB] decisions on – (i) Unfair labor practices, except those issued under § 9901.908(c); (ii) Arbitral awards under § 9901.908; and (iii) Negotiability disputes. |

**Authority for regulation:  5 U.S.C. § 9902(m)(1) & (m)(6)**

# Resolution of Grievances/ Arbitration (1)

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7121(a)(1) and (b)(1)<br><br>  (a)(1) Except as provided in paragraph (2) of this subsection, any collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability.  Except as provided in subsections (d), (e), and (g) of this section, the procedures shall be the exclusive administrative procedures for resolving grievances which fall within its coverage.<br><br>  (b)(1) Any negotiated grievance procedure referred to in subsection (a) of this section shall—<br>(iii) provide that any grievance not satisfactorily settled under the negotiated grievance procedure shall be subject to binding arbitration which may be invoked by either the exclusive representative or the agency. | 5 C.F.R. § 9901.922(a)(1) and (b)(1)<br><br>(a)(1) Except as provided in paragraph (a)(2) of this section, any collective bargaining agreement will provide procedures for the settlement of grievances, including questions of arbitrability. Except as provided in paragraphs (e), (f) and (h) of this section, the procedures will be the exclusive procedures for grievances which fall within its coverage.<br><br>(b)(1) Any negotiated grievance procedure referred to in paragraph (a) of this section will be fair and simple, provide for expeditious processing, and include procedures that. . .(iii) Provide that any grievance not satisfactorily settled under the negotiated grievance procedure is subject to binding arbitration, which may be invoked by either the exclusive representative or the Department. |

**Authority for regulation:  5 U.S.C. § 9902(m)(1) & (m)(6)**

# Resolution of Grievances/ Arbitration (2)

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7121(e)(1) and (f)<br><br>  (e)(1) Matters covered under sections 4303 and 7512 of this title which also fall within the coverage of the negotiated grievance procedure may, in the discretion of the aggrieved employee, be raised either under the appellate procedures of section 7701 of this title or under the negotiated grievance procedure, but not both. . . .<br>(2) In matters covered under sections 4303 and 7512 of this title which have been raised under the negotiated grievance procedure . . ., an arbitrator shall be governed by section 7701(c)(1) of this title, as applicable.<br><br>  (f) …In matters similar to those covered under sections 4303 and 7512 of this title which arise under other personnel systems and which an aggrieved employee has raised under the negotiated grievance procedure, judicial review of an arbitrator's award may be obtained in the same manner and on the same basis as could be obtained of a final decision in such matters raised under applicable appellate procedures. | 5 C.F.R. § 9901.922(f)(1) and (2)<br><br>(f)(1) For appealable matters, except for mandatory removal offenses under § 9901.712, an aggrieved employee may raise the matter under an applicable appellate procedure or under the negotiated grievance procedure, but not both. . . .<br><br>(2) An arbitrator hearing a matter appealable under 5 U.S.C. § 7701 or subpart H of this part is bound by the applicable provisions of this part.<br><br>5 C.F.R. § 9901.923(a)<br><br>(a) Either party to arbitration under this subpart may file with the Board an exception to any arbitrator's award, except an award issued in connection with an appealable matter under § 9901.922(f) or matters similar to those covered under 5 U.S.C. 4303 and 7512 arising under other personnel systems, which will be adjudicated under procedures described in § 9901.807(g) and (h). Such procedures are adopted in this subpart for these purposes. |

**Authority for regulation:  5 U.S.C. § 9902(m)(1) & (m)(6)**

*AFGE et al. v. Rumsfeld et al.,*
05-CV-2183

# Employee Representatives' Standards of Conduct

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7102<br><br>Each employee shall have the right to form, join, or assist any labor organization, or to refrain from any such activity, freely and without fear of penalty or reprisal, and each employee shall be protected in the exercise of such right. Except as otherwise provided under this chapter [5 USCS §§ 7101 et seq.], such right includes the right—<br><br>(1) to act for a labor organization in the capacity of a representative and the right, in that capacity, to present the views of the labor organization to heads of agencies and other officials of the executive branch of the Government, the Congress, or other appropriate authorities, and<br><br>(2) to engage in collective bargaining with respect to conditions of employment through representatives chosen by employees under this chapter [5 USCS §§ 7101 et seq.]. | 5 C.F.R. § 9901.906<br><br>Each employee has the right to form, join, or assist any labor organization, or to refrain from any such activity, freely and without fear of penalty or reprisal, and each employee will be protected in the exercise of such right. Except as otherwise provided under this subpart, such right includes the right –<br><br>(a) To act for a labor organization in the capacity of a representative and the right, in that capacity, to present the views of the labor organization to heads of agencies and other officials of the executive branch of the Government, the Congress, or other appropriate authorities; and<br><br>(b) To engage in collective bargaining with respect to conditions of employment through representatives chosen by employees under this subpart.<br><br>5 C.F.R. § 9901.914(a)(4)<br><br>(4) Employee representatives employed by the Department are subject to the same expectations regarding conduct as any other employee, whether they are serving in their representative capacity or not. |

**Authority for regulation:  5 U.S.C. § 9902(m)(1)**

# Definition of "Supervisor"

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7103(a)(10)<br><br>"supervisor" means an individual employed by an agency having authority in the interest of the agency to hire, direct, assign, promote, reward, transfer, furlough, layoff, recall, suspend, discipline, or remove employees, to adjust their grievances, or to effectively recommend such action, if the exercise of the authority is not merely routine or clerical in nature but requires the consistent exercise of independent judgment, except that, with respect to any unit which includes firefighters or nurses, the term "supervisor" includes only those individuals who devote a preponderance of their employment time to exercising such authority; | 5 C.F.R. § 9901.903<br><br>*In addition to the language of 5 U.S.C. § 7103(a)(10), which is repeated verbatim in the regulations, the NSPS regulations add the following:*<br><br>[Supervisor] also means an individual employed by the Department who exercises supervisory authority over military members of the armed services, such as directing or assigning work or evaluating or recommending evaluations. |

**Authority for regulation:  5 U.S.C. § 9902(m)(1)**

# Attendance At Formal Discussions

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7114(a)(2)(A)<br><br>(2) An exclusive representative of an appropriate unit in an agency shall be given the opportunity to be represented at--<br>    (A) any formal discussion between one or more representatives of the agency and one or more employees in the unit or their representatives concerning any grievance or any personnel policy or practices or other general condition of employment; | 5 C.F.R. § 9901.914(a)(2)(i) & (ii)<br><br>(2) An exclusive representative of an appropriate unit will be given the opportunity to be represented at --<br><br>    (i) Any formal discussion between a Department management official(s) and bargaining unit employees, the purpose of which is to discuss and/or announce new or substantially changed personnel policies, practices, or working conditions.  This right does not apply to meetings . . . for the purpose of discussing operational matters where any discussion of personnel policies, practices or working conditions- (A) Constitutes a reiteration or application of existing personnel policies . . . (B) Is incidental or otherwise peripheral to the announced purpose of the meeting; or (C) Does not result in an announcement of a change to . . . existing personnel policy(s). . . .<br>    (ii) Any discussion between one or more Department representatives and one or more bargaining unit employees concerning any grievance filed under the negotiated grievance procedure; *  *  *<br>(iv) Any discussion . . . in connection with a formal complaint of discrimination only if the employee(s) . . . request such representation. |

**Authority for regulation:  5 U.S.C. § 9902(m)(1)**

# Production of Information

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7114(b)(4)<br><br>[It is the duty of an agency to] furnish. . .upon request and, to the extent not prohibited by law, data--<br>    (A) which is normally maintained by the agency in the regular course of business;<br>    (B) which is reasonably available and necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining; and<br>    (C) which does not constitute guidance, advice, counsel, or training provided for management officials or supervisors, relating to collective bargaining; | 5 C.F.R. § 9901.914(b)(5) & (c)<br><br>(b)(5) [It is the duty of an agency to furnish upon request and, to the extent not prohibited by law, data, when] --<br>(i) Such information exists, is normally maintained in the regular course of business, and is reasonably available; (ii) The exclusive representative has requested such information and demonstrated a particularized need for the information in order to perform its representational functions in grievance or unfair labor practice proceedings, or in negotiations; and (iii) Disclosure is not prohibited by law.<br><br>(c) Disclosure of information in paragraph (b)(5) of this section does not include the following: (1) Disclosure prohibited by law or regulations, including, but not limited to, the regulations in this part, Governmentwide rules and regulations, Departmental implementing issuances and other policies and regulations, and Executive orders;  (2) Disclosure of information if adequate alternative means exist for obtaining the requested information. . .  (4) Any disclosures where an authorized official has determined that disclosure would compromise the Department's mission, security, or employee safety; |

**Authority for regulation:  5 U.S.C. § 9902(m)(1)**

# Authorization to Develop an Appeals Process

**5 U.S.C. § 9902(h)(1)-(3), and (7)**

(1) The Secretary--

(A) may establish an appeals process that provides employees of the Department of Defense organizational and functional units that are included in the [NSPS] fair treatment in any appeals that they bring in decisions relating to their employment; and

(B) shall in prescribing regulations for any such appeals process--

(i)   ensure that employees in the [NSPS] are afforded the protections of due process; and

(ii)  toward that end, be required to consult with the [MSPB] before issuing any such regulations.

(2)  Regulations implementing the appeals process may establish legal standards and procedures for personnel actions, including standards for applicable relief, to be taken on the basis of employee misconduct or performance that fails to meet expectations. Such standards shall be consistent with the public employment principles of merit and fitness set forth in section 2301.

(3) Legal standards and precedents applied before the effective date of this section by the Merit Systems Protection Board and the courts under chapters 43, 75, and 77 of this title shall apply to employees of organizational and functional units included in the National Security Personnel System, unless such standards and precedents are inconsistent with legal standards established under this subsection.

(7) Nothing in this subsection shall be construed to authorize the waiver of any provision of law, including an appeals provision providing a right or remedy under section 2302(b) (1), (8) or (9), that is not otherwise waivable under subsection (a).

# MSPB Review of Appeals Process

**5 U.S.C. § 9902(h)(4)-(5)**

(4) An employee who—

(A) is removed, suspended for more than 14 days, furloughed for 30 days or less, reduced in pay, or reduced in pay band (or comparable reduction) by a final decision under the appeals process established under paragraph (1);

(B) is not serving under probationary period as defined under regulations established under paragraph (2); and

(C) would otherwise be eligible to appeal a performance-based or adverse action under chapter 43 or 75, as applicable, to the Merit Systems Protection Board, shall have the right to petition the full Merit Systems Protection Board for review of the record of that decision pursuant to regulations established under paragraph (2). The Board may dismiss any petition that, in the view of the Board, does not raise substantial questions of fact or law. No personnel action shall be stayed and no interim relief shall be granted during the pendency of the Board's review unless specifically ordered by the Board.

(5) The Board may order such corrective action as the Board considers appropriate only if the Board determines that the decision was--

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) obtained without procedures required by law, rule, or regulation having been followed; or

(C) unsupported by substantial evidence.

*AFGE et al. v. Rumsfeld et al.,*
05-CV-2183

# Appeals Process (Agency Decision - 1)

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7513(b)-(c)<br>(b) An employee against whom an action is proposed is entitled to--<br>(1) at least 30 days' advance written notice, unless there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed, stating the specific reasons for the proposed action;<br>(2) a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer;<br>(3) be represented by an attorney or other representative; and<br>(4) a written decision and the specific reasons therefore at the earliest practicable date.<br><br>(c) An agency may provide, by regulation, for a hearing which may be in lieu of or in addition to the opportunity to answer provided under subsection (b)(2) of this section. | 5 C.F.R. § 9901.714(a)<br>(a) *Notice Period.* An employee will receive a minimum of 15 days advance written notice of a proposed adverse action.<br><br>5 C.F.R. § 9901.715(a)<br>(a) An employee will be provided a minimum of 10 days . . .to reply orally and/or in writing to a notice of proposed adverse action.<br>(e) The employee may be represented by an attorney . . . .<br><br>5 C.F.R. § 9901.716(c)<br>(c) The decision notice will specify in writing the reasons for the decision and advise the employee of any appeal . . . .<br><br>5 C.F.R. § 9901.712(a)<br>(a) The Secretary has the sole, exclusive, and unreviewable discretion to identify offenses that have a direct and substantial adverse impact on the Department's national security mission. Such offenses will be identified in advance in implementing issuances, publicized upon establishment via notice in the Federal Register, and made known to all employees on a periodic basis . . . . |

**Authority for regulation: 5 U.S.C. § 9902(h)(1)-(2)**

# Appeals Process (Agency Decision - 2)

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7513(c)<br><br>(c) An agency may provide, by regulation, for a hearing which may be in lieu of or in addition to the opportunity to answer provided under subsection (b)(2) of this section. | 5 C.F.R. § 9901.807(a), (e) & (f)<br>(a) *General.* (1) A covered Department employee may appeal to MSPB an adverse action listed in § 9901.805(a). . . (2)(ii) MSPB will refer appeals to an AJ for adjudication . . . .<br><br>(e) *Hearing.* (1) *Burden of Proof.* An adverse action taken against an employee will be sustained by the MSPB AJ if it is supported by a preponderance of the evidence . . . .<br><br>(f) *Initial decision.* (1) *Time Limit.* An initial decision must be made by an AJ no later than 90 days after the date on which the appeal is filed.<br><br>(2) *Mitigation.* . . . (ii) An AJ may not modify the penalty imposed unless such penalty is totally unwarranted in light of all pertinent circumstances. . . . (v) If the adverse action is based on an MRO, the penalty may only be mitigated as prescribed in § 9901.808.<br><br>5 C.F.R. § 9901.808(b) and (c)<br>(b) If one or more MROs are sustained, the MSPB AJ may not mitigate the penalty.<br><br>(c) Only the Secretary may mitigate the penalty within [DOD]. |

**Authority for regulation: 5 U.S.C. § 9902(h)(1)-(2)**

# Appeals Process (Agency Decision - 3)

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7513(c)<br><br>(c) An agency may provide, by regulation, for a hearing which may be in lieu of or in addition to the opportunity to answer provided under subsection (b)(2) of this section. | 5 C.F.R. § 9901.807(g)<br><br>(g) *Department's Final Decision*.<br><br>(1) *Request for* Review.  The initial AJ decision will become the Department's final decision 30 days after its issuance, unless either party files [a request for review]. . . .<br><br>(2)(ii) . . . After receipt of a timely response to the RFR—<br>(A) If a determination is made that there has been a material error of fact, or that there is new and material evidence available . . . the matter will be remanded to the assigned AJ for further adjudication or a final DoD decision will be issued modifying or reversing that initial decision or decision after remand. . .<br><br>(B) Where it is determined that the initial AJ decision has a direct and substantial adverse impact on the Department's national security mission, or is based on an erroneous interpretation of law, Governmentwide rule or regulation, or this part, a final DoD decision will be issued modifying or reversing that initial decision. |

**Authority for regulation:  5 U.S.C. § 9902(h)(1)-(2)**

# Appeals Process (MSPB Review)

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7701<br><br>(a) An employee . . . may submit an appeal to the [MSPB] from any action which is appealable to the Board under any law, rule, or regulation. . . .<br>(b)(1) The Board may hear any case appealed to it or may refer the case to an administrative law judge . . . or other employee of the Board designated . . . to hear such cases. . . .<br>(c)(1) [T]he decision of the agency shall be sustained under subsection (b) only if the agency's decision– (A) in the case of an action based on unacceptable performance . . ., is supported by substantial evidence; or (B) in any other case, is supported by a preponderance of the evidence.<br>(2) Notwithstanding paragraph (1), the agency's decision may not be sustained. . .if the employee . . . (A) shows harmful [procedural] error . . .; (B) shows that the decision was based on any prohibited personnel practice . . .; or (C) shows that the decision was not in accordance with law. | 5 C.F.R. § 9901.807(h)(2)<br>(2) *Petition for Review* [PFR]. (i) Upon receipt of a final DoD decision issued under paragraph (g)(2)(ii) of this section, an employee or OPM may file a PFR with the full MSPB within 30 days in accordance with 5 U.S.C. 9902(h) . . . .<br>(iii) The full MSPB may order corrective action only if the Board determines that the decision was (A) Arbitrary, capricious, and abuse of discretion or otherwise not in accordance with law;<br>(B) Obtained without procedures required by law . . .; or<br>(C) Unsupported by substantial evidence.<br><br>5 C.F.R. § 9901.807(f)(3) and (4)<br>(3) Neither the MSPB AJ, nor the full MSPB, may reverse an action based on the way in which the charge is labeled or the conduct characterized, provided the employee has sufficient notice to respond to the charge.<br>(4) Neither the MSPB AJ, nor the full MSPB, may reverse an action based on the way a performance expectation is expressed, provided that the expectation would be clear to a reasonable person. |

**Authority for regulation: 5 U.S.C. § 9902(h)(1), (2), and (4)**

# Appeals Process (Interim Relief)

| Preexisting Statute | NSPS Regulation |
|---|---|
| 5 U.S.C. § 7701(b)(2)(A) and (B)<br><br>(2)(A) If an employee [prevails], the employee . . . shall be granted the relief provided in the decision . . . pending the outcome of any petition for review under subsection (e), unless . . . (ii)(I) the relief granted in the decision provides that such employee . . . shall return or be present at the place of employment during the period pending the outcome of any petition for review under subsection (e), and (II) the employing agency, subject to the provisions of subparagraph (B), determines that the return or presence of such employee or applicant is unduly disruptive to the work environment.<br>(B) If an agency makes a determination under subparagraph (A)(ii)(II) that prevents the return or presence of an employee at the place of employment, such employee shall receive pay, compensation, and all other benefits . . . . | 5 C.F.R. § 9901.807(f)(5)(i)<br><br>If the interim relief ordered by the full MSPB provides that the employee will return or be present at the place of employment pending the outcome of any petition for review, and the Secretary determines . . . that the employee's return to the workplace is impracticable or the presence of the employee is unduly disruptive to the work environment, the employee may be placed in an alternative position, or may be placed on excused absence pending final disposition of the employee's appeal. |

## Authority for regulation:  5 U.S.C. § 9902(h)(1)-(2)