# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **American Fed'n of Gov't Employees,** *et al.* | : |
| | : |
| | : |
| **v.** | : |
| | : |
| **Donald Rumsfeld,** *et al.* | : |

**No. 05cv02183 (EGS)**

---

## Plaintiffs' Comparison of the
## Statutory Language and the Challenged Regulations

JOSEPH GOLDBERG, Bar # 291096
MARK D. ROTH, Bar # 235473
AMERICAN FED'N OF
GOV'T EMPLOYEES, AFL-CIO
80 F Street, N.W.
Washington, DC  20001
(202) 639-6426


SALLY M. TEDROW, Bar #938803
ROBERT MATISOFF, Bar #210294A
KEITH R. BOLEK, Bar #463129
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, DC  20016
(202) 362-0041

SUSAN TSUI GRUNDMANN, Bar #433437
NATIONAL FED'N OF FEDERAL
EMPLOYEES, FD-1, IAMAW, AFL-CIO
1016 16th Street, N.W.
Washington, D.C. 20036
(202) 862-4400


DANIEL M. SCHEMBER
GAFFNEY & SCHEMBER, P.C.
1666 Connecticut Avenue, N.W., Suite 225
Washington, D.C. 20009
(202) 328-2244

JEAN E. ZEILER
NATIONAL ASS'N OF
GOV'T EMPLOYEES, SEIU
159 Burgin Parkway
Quincy, MA  02169
(617) 376-0220


JULIA ADKINS CLARK
INTERNATIONAL FED'N OF
PROF'L & TECH. ENG'RS, AFL-CIO
8630 Fenton Street, Suite 400
Silver Spring, MD 20910
(301) 565-9016


PATRICK SYZMANSKI
INT'L BHD. OF TEAMSTERS
25 Louisiana Avenue, N.W.
Washington, D.C. 20001
(202) 624-6945

**January 24, 2006**

**DESCRIPTION**                                                                                    **SLIDE NO.**

Table of Contents . . . . . . . . . . . . . . i-ii

Labor-Management Relations – Meet and Confer . . . . . . . . . . . 01-02

Labor-Management Relations – Exclusion from the NSPS . . . . . . . . 03

Labor-Management Relations – Waiver of Chapter 71 Generally . . . . . . . 04

Labor-Management Relations – "Continuing Collaboration" . . . . . . . 05-06

Labor-Management Relations – Impact on Existing Agreements. . . . . . . 07

Labor-Management Relations – Implementing Issuances . . . . . . . . 08-09

Labor-Management Relations – Permissive Subjects of Bargaining . . . . . . 10

Labor-Management Relations – Negotiated Procedures . . . . . . . . 11-13

Labor-Management Relations – Appropriate Arrangements. . . . . . . . 14-17

Labor-Management Relations – National Security Labor Relations Board . . . . . 18-19

Labor-Management Relations – Definition of Supervisor . . . . . . . . 20

Labor-Management Relations – Restrictions on Rights of Union to Attend Formal Meetings . . 21

Labor-Management Relations – Restrictions on Rights of Union to Information . . . . 22

Labor-Management Relations – Restrictions on Union Representatives' Conduct . . . . 23

Labor-Management Relations – Restrictions on Unfair Labor Practices . . . . . 24

Labor-Management Relations – Compensation of NAFI Employees . . . . . . 25-26

### CONTINUED ON NEXT PAGE

## Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
### Table of Contents

| DESCRIPTION | CONTINUED FROM PREVIOUS PAGE | SLIDE NO. |
|---|---|---|
| Appeals – Waiver of Chapter 71 Generally | . . . . . . . . . | 27 |
| Appeals – Limitations on Chapter 71 Arbitrators' Standard of Review | . . . . . | 28-29 |
| Appeals – Mitigation Standards for Arbitrators | . . . . . . . . | 30-31 |
| Appeals – Review of Arbitrators' Decisions by Department | . . . . . . . | 32-34 |
| Appeals – Review of Arbitrators' Decisions by MSPB . | . . . . . . . | 35-37 |
| Appeals – Mitigation Standard for MSPB Administrative Judges | . . . . . . | 38-39 |
| Appeals – Department Level Review | . . . . . . . . . . | 40-41 |
| Appeals – Limitations Upon Interim Relief Granted by the MSPB | . . . . . | 42 |
| Appeals – Additional Limitations Upon the Authority of the MSPB and AJs | . . . . | 43-44 |
| Appeals – Mandatory Removal Offenses (MROs) Generally | . . . . . . | 45-46 |
| Appeals – Mandatory Removal Offenses (MRO) Excluded from Grievance Procedure | . . . | 47-48 |
| Appendix 1 - Table of Cited NDAA Statutory Language | . . . . . . . | A-1 - A-2 |
| Appendix 2 - Table of Other Cited Statutory Language | . . . . . . | A-3 |
| Appendix 3 - Table of Cited Challenged Regulations | . . . . . . . | A-4 - A-6 |

*Statutory Language (NDAA) (emphasis added):*

- **5 U.S.C. § 9902(m)(1) - (5):**

(1) Notwithstanding section 9902(d)(2), the Secretary, together with the Director, may establish and from time to time adjust a labor relations system for the [DoD] to address the unique role that the Department's civil workforce plays in supporting the Department's national security mission.

(2) The system developed or adjusted under paragraph (1) would allow for a **collaborative issue-based approach** to labor management relations.

(3) In order to ensure the authority of this section is exercised in collaboration with, and in a manner that **ensures the participation of, employee representatives in the development and implementation of the labor management relations system** or adjustments to such system under this section, the Secretary shall provide for the following:

(A) The Secretary and Director shall, with respect to any proposed system or adjustment -

(i) afford employee representatives and management the **opportunity to have meaningful discussions** concerning the development of the new system.

(ii) give such representatives at least 30 calendar days (unless extraordinary circumstances require earlier action) to review the proposal for the system and **make recommendations** with respect to it.

(iii) give any recommendations received from such representatives under clause (ii) full and fair consideration.

(B) Following receipt of recommendations, if any, from such employee representatives with respect to a proposal described in subparagraph (A), the Secretary and Director shall accept such modifications to the proposal in response to the recommendations that as are determined advisable and shall, with respect to any parts of the proposal as to which they have not accepted the recommendations--

(i) **meet and confer** for not less than 30 calendar days with the employee representatives, **in order to attempt to reach agreement** on whether or how to proceed with those parts of the proposal; and

**CONTINUED ON NEXT SLIDE**

**CONTINUED FROM PREVIOUS SLIDE**

(ii) at the Secretary's option, or if requested by a majority of the employee representatives participating, use the services of the Federal Mediation and Conciliation Service during such meet and confer period to facilitate the process of attempting to reach agreement.

(C) (i) Any part of the proposal described in subparagraph (A) as to which employee representatives do not make a recommendation, or as to which the recommendations are accepted under subparagraph (B), may be implemented immediately.

(ii) With respect to parts of the proposal as to which recommendations have been made or not accepted, at any times after 30 calendar days have elapsed since the consultation and mediation procedures set forth in subparagraph (B), if the Secretary, in his discretion, determines that further consultation and mediation is unlikely to produce agreement, the Secretary may implement any or all of such parts (including any modifications made in response to the recommendations as the Secretary determines advisable), but only after 30 days have elapsed after notifying Congress of the decision to implement the part or parts involved (as so modified, if applicable).

(D) The **process for collaborating** with employee representatives provided under this subsection shall begin no later than 60 calendar days after the date of enactment of this subsection.

(4) The Secretary may engage in any and **all collaboration activities** described in this subsection at an organizational level above the level of exclusive recognition.

(5) The **system developed** or adjusted under this subsection may incorporate the authority to bargain at a level above the level of exclusive recognition provided for in subsection (g) of this section, but may not abrogate or modify the authority provided for in that subsection. Notwithstanding this subsection, the Secretary may, at his discretion, implement the authority in subsection (g) immediately upon enactment of this subsection.

## Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
### Labor-Mgmt. Relations – Exclusion from NSPS

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(a)(1):**

  Notwithstanding any other provision of this part, the Secretary may, in regulations proscribed jointly with the Director, establish, and from time to time adjust, a human resources management system for some or all of the organizational or functional units of the Department of Defense. The human resources management system established under authority of this section shall be referred to as the "National Security Personnel System."

- **5 U.S.C. § 9902(b)(4):**

  Any system established under subsection (a) shall-- … ensure employees may organize, bargain collectively as provided for in this chapter, and participate through labor organizations of their own choosing in decisions that may affect them, subject to the provisions of this chapter and any exclusion from coverage or limitation on negotiability established pursuant to law.

- **5 U.S.C. § 9902(b)(3)(D):**

  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- (2) … chapters … 71.

*Challenged Regulations:*

- **5 C.F.R. § 9901.103:**

  In this part…

  *National Security Personnel System (NSPS)* means the human resources management system established under 5 U.S.C. 9901(a). It does not include the labor relations system established under 5 U.S.C. 9902(m).

# Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
## *Labor-Mgmt. Relations – Waiver of Chapter 71 Generally*

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(4):**

  Any system established under subsection (a) shall-- … ensure employees may organize, bargain collectively as provided for in this chapter, and participate through labor organizations of their own choosing in decisions that may affect them, subject to the provisions of this chapter and any exclusion from coverage or limitation on negotiability established pursuant to law.

- **5 U.S.C. § 9902(b)(3)(D):**

  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)-   (2) … chapters … 71.

- **5 U.S.C. § 9902(m)(1):**

  Notwithstanding section 9902(d)(2), the Secretary, together with the director, may establish and from time to time adjust a labor relations system for the Department of Defense to address the unique role that the Department's civilian workforce plays in supporting the Department's national security mission.

*Challenged Regulations:*

- **5 C.F.R. § 9901.104(f):**

  The authority for this part is 5 U.S.C. 9902.  The provisions in the following chapters of title 5, U.S. Code, and any related regulations, may be waived or modified in exercising the authority in 5 U.S.C. 9902: …

  (f) Chapter 71, dealing with labor organization (as authorized by 9902(m));

- **5 C.F.R. § 9901.902:**

  When a specified category of employees is covered by the labor-management relations system established under this subpart, the provisions of 5 U.S.C. 7101 through 7135 are modified and replaced by the provisions in this subpart with respect to that category, except as otherwise specified in this subpart. Implementing issuances may be prescribed to carry out the provisions of this subpart.

## Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
### *Labor-Mgmt. Relations – "Continuing Collaboration"*

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(4):**

  Any system established under subsection (a) shall-- … ensure employees may organize, bargain collectively as provided for in this chapter, and participate through labor organizations of their own choosing in decisions that may affect them, subject to the provisions of this chapter and any exclusion from coverage or limitation on negotiability established pursuant to law.

- **5 U.S.C. § 9902(b)(3)(D):**

  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)… (2) … chapters … 71.

**CONTINUED ON NEXT SLIDE**

*Challenged Regulation:*

- **5 C.F.R. § 9901.106:**

  (a) Consistent with 5 U.S.C. 9902, this section provides employee representatives with an opportunity to participate in the development of implementing issuances that carry out the provisions of this part. This process is the exclusive procedure for the participation of employee representatives in the planning, development, or implementation of the implementing issuances that carry out the provisions of this part. Therefore, this process is not subject to the requirements of 5 U.S.C. chapter 71, including but not limited to the exercise of management rights, enforcement of the duty to consult or negotiate, the duty to bargain and consult, or impasse procedures, or the requirements established by this part including but not limited to §§ 9901.910 (regarding the exercise of management rights), 9901.916(a)(5) (regarding enforcement of the duty to consult or negotiate), 9901.817 (regarding the duty to bargain and consult), and 9901.920 (regarding impasse procedures).

**CONTINUED FROM PREVIOUS SLIDE**

SEE PREVIOUS SLIDE FOR
CHALLENGED REGULATION

*Statutory Language (Chapter 71):*

- **5 U.S.C. § 7114(a)(4):**
  Any agency and any exclusive representative in any appropriate unit in the agency, through appropriate representatives, shall meet and negotiate in good faith for the purpose of arriving at a collective bargaining agreement. In addition, the agency and the exclusive representative may determine appropriate techniques, …, to assist in any negotiation.

- **5 U.S.C. § 7117(a)(1):**
  Subject to paragraph (2) of this subsection, the duty to bargain in good faith shall, to the extent not inconsistent with any Federal law or any Government-wide rule or regulation, extend to matters which are the subject of any rule or regulation only if the rule or regulation is not a Government-wide rule or regulation.

- **5 U.S.C. § 7117(a)(2):**
  The duty to bargain in good faith shall, to the extent not inconsistent with Federal law or any Government-wide rule or regulation, extend to matters which are the subject of any rule or regulation referred to in paragraph (3) of this subsection only if the Authority has determined under subsection (b) of this section that no compelling need (as determined under regulations prescribed by the Authority) exists for the rule or regulation.

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(4):**

  Any system established under subsection (a) shall-- … ensure employees may organize, bargain collectively as provided for in this chapter, and participate through labor organizations of their own choosing in decisions that may affect them, subject to the provisions of this chapter and any exclusion from coverage or limitation on negotiability established pursuant to law.

- **5 U.S.C. § 9902(b)(3)(D):**

  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)… (2) … chapters … 71.

*Challenged Regulation:*

- **5 C.F.R. § 9901.905:**

  (a) Any provision of a collective bargaining agreement that is inconsistent with this part and/or implementing issuances is unenforceable on the effective date of the applicable subpart(s) or such issuances. The exclusive representative may appeal a determination that a provision is unenforceable to the National Security Labor Relations Board in accordance with the procedures and time limits pursuant to § 9901.908 and the Board's regulations. However, the Secretary, in his or her sole discretion, may continue all or part of a particular provision(s) with respect to a specific category or categories of employees and may cancel such provisions at any time; such determinations are not precedential.

# Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
## *Labor-Mgmt. Relations – Implementing Issuances*

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(4):**

   Any system established under subsection (a) shall-- … ensure employees may organize, bargain collectively as provided for in this chapter, and participate through labor organizations of their own choosing in decisions that may affect them, subject to the provisions of this chapter and any exclusion from coverage or limitation on negotiability established pursuant to law.

- **5 U.S.C. § 9902(b)(3)(D):**

   Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

   The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- … (2) … chapters … 71.

*Challenged Regulations:*

- **5 C.F.R. § 9901.103:**

   *Implementing Issuance(s)* means a document or documents issued by the Secretary, Deputy Secretary, Principal Staff Assistants (as authorized by the Secretary) or Secretaries of the Military Departments to carry out a policy or procedure implementing this part. These issuances may apply Department-wide or to any part of DoD as determined by the Secretary at his or her sole and exclusive discretion….

- **5 C.F.R. § 9901.917(d)(1):**

   Management may not bargain over any matters that are inconsistent with law or the regulations in this part, Government-wide rules and regulations, issuances and implementing issuances or Executive Orders.

**CONTINUED ON NEXT SLIDE**

**CONTINUED FROM PREVIOUS SLIDE**

SEE PREVIOUS SLIDE FOR
CHALLENGED REGULATIONS

*Statutory Language (Chapter 71):*

- **5 U.S.C. § 7114(a)(4):**
  Any agency and any exclusive representative in any appropriate unit in the agency, through appropriate representatives, shall meet and negotiate in good faith for the purpose of arriving at a collective bargaining agreement. In addition, the agency and the exclusive representative may determine appropriate techniques, …, to assist in any negotiation.

- **5 U.S.C. § 7117(a)(1):**
  Subject to paragraph (2) of this subsection, the duty to bargain in good faith shall, to the extent not inconsistent with any Federal law or any Government-wide rule or regulation, extend to matters which are the subject of any rule or regulation only if the rule or regulation is not a Government-wide rule or regulation.

- **5 U.S.C. § 7117(a)(2):**
  The duty to bargain in good faith shall, to the extent not inconsistent with Federal law or any Government-wide rule or regulation, extend to matters which are the subject of any rule or regulation referred to in paragraph (3) of this subsection only if the Authority has determined under subsection (b) of this section that no compelling need (as determined under regulations prescribed by the Authority) exists for the rule or regulation).

# Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
## *Labor-Mgmt. Relations – Permissive Subjects of Bargaining*

### *Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(4):**

  Any system established under subsection (a) shall-- … ensure employees may organize, bargain collectively as provided for in this chapter, and participate through labor organizations of their own choosing in decisions that may affect them, subject to the provisions of this chapter and any exclusion from coverage or limitation on negotiability established pursuant to law.

- **5 U.S.C. § 9902(b)(3)(D)):**

  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- … (2) … chapters … 71.

### *Statutory Language (Chapter 71):*

- **5 U.S.C. § 7106(b)(1):**

  Nothing in this section shall preclude any agency and any labor organization from negotiating—

  (1) at the election of the agency, on the numbers, types and grades of employees or positions assigned to any organizational subdivision, work project or tour of duty, or on the technology, methods and means of performing work.

### *Challenged Regulations:*

- **5 C.F.R. § 9901.910(a)(2):**

  (a) Subject to paragraphs (b) through (e) of this section, nothing in this subpart may affect the authority of any management official or supervisor of the Department…

  (2) To hire, assign, and direct employees in the Department; to assign work, make determinations with respect to contracting out, and to determine the personnel by which Departmental operations may be conducted; to determine the numbers, types, pay schedules, pay bands and/or grades of employees or positions assigned to any organizational subdivision, work project or tour of duty, and the technology, methods and means of performing work; to assign employees to meet any operational demand; and to take whatever other actions may be necessary to carry out the Department's mission….

- **5 C.F.R. § 9901.910(b):**

  (b) Management is prohibited from bargaining over the exercise of any authority under paragraph (a) of this section or the procedures that it will observe in exercising the authorities set forth in paragraphs (a)(1) and (a)(2) of this section.

## Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
### *Labor-Mgmt. Relations – Negotiated Procedures*

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(4):**
  Any system established under subsection (a) shall-- … ensure employees may organize, bargain collectively as provided for in this chapter, and participate through labor organizations of their own choosing in decisions that may affect them, subject to the provisions of this chapter and any exclusion from coverage or limitation on negotiability established pursuant to law.

- **5 U.S.C. § 9902(b)(3)(D):**
  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**
  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)-… (2) … chapters … 71.

*Statutory Language (Chapter 71):*

- **5 U.S.C. § 7106(b)(2):**
  Nothing in this section shall preclude any agency and any labor organization from negotiating—

  (2)  procedures which management officials will observe in the exercising of any authority under this section.

*Challenged Regulations:*

- **5 C.F.R. § 9901.910(a)(1) & (2):**
  (a) Subject to paragraphs (b) through (e) of this section, nothing in this subpart may affect the authority of any management official or supervisor of the Department…

  (1) To determine the mission, budget, organization, number of employees, and internal security practices of the Department.

  (2) To hire, assign, and direct employees in the Department; to assign work, make determinations with respect to contracting out, and to determine the personnel by which Departmental operations may be conducted; to determine the numbers, types, pay schedules, pay bands and/or grades of employees or positions assigned to any organizational subdivision, work project or tour of duty, and the technology, methods and means of performing work; to assign employees to meet any operational demand; and to take whatever other actions may be necessary to carry out the Department's mission….

**CONTINUED ON NEXT SLIDE**

**SEE PREVIOUS SLIDE FOR
STATUTORY LANGUAGE**

**CONTINUED FROM PREVIOUS SLIDE**

- **5 C.F.R. § 9901.910(b):**

  Management is prohibited from bargaining over the exercise of any authority under paragraph (a) of this section or the procedures that it will observe in exercising the authorities set forth in paragraphs (a)(1) and (a)(2) of this section.

- **5 C.F.R. § 9901.910(c):**

  Notwithstanding paragraph (b)…, the Secretary in his or her sole, exclusive and unreviewable discretion, may authorize bargaining over the procedures that will be observed in exercising the authorities set forth in paragraphs (a)(1) and (2)…. The authorization will be based on a determination by the Secretary, in his or her sole, exclusive and unreviewable discretion, that bargaining is necessary to advance the Department's mission or promote organizational effectiveness. Any specific authorization remains in effect until an agreement is reached or management withdraws from negotiations, whichever occurs first.

**CONTINUED ON NEXT SLIDE**

# Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
## *Labor-Mgmt. Relations – Negotiated Procedures Continued*

**SEE PREVIOUS SLIDE FOR STATUTORY LANGUAGE**

**CONTINUED FROM PREVIOUS SLIDE**

- **5 C.F.R. § 9901.910(d):**
Unless the Secretary elects to bargain under paragraph (c), management will consult at the request of an exclusive representative as required under § 9901.917 over the procedures that will be observed in exercising the authorities set forth in … (a)(1) and (a)(2)…. Consultation does not require that the parties reach agreement on any covered matter. The parties may, upon mutual agreement, provide for FMCS or another third party to assist in the process. Neither the Board nor the Authority may intervene in the process.

- **5 C.F.R. § 9901.910(h):**
Any mid-term agreements, reached with respect to paragraphs (c), (f)(1)(ii) or (f)(2) of this section will not be precedential or binding on subsequent acts, or retroactively applied, except at the Secretary's sole, exclusive and unreviewable discretion.

- **5 C.F.R. § 9901.910(i):**
Nothing will delay or prevent the Secretary from exercising his or her authority under this subpart.

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(4):**

  Any system established under subsection (a) shall-- … ensure employees may organize, bargain collectively as provided for in this chapter, and participate through labor organizations of their own choosing in decisions that may affect them, subject to the provisions of this chapter and any exclusion from coverage or limitation on negotiability established pursuant to law.

- **5 U.S.C. § 9902(b)(3)(D):**

  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- … (2) … chapters … 71.

*Statutory Language (Chapter 71):*

- **5 U.S.C. § 7106(b)(3):**

  Nothing in this section shall preclude any agency and any labor organization from negotiating…

  (3) appropriate arrangements for employees directly affected by the exercise of any authority under this section by such management officials.

*Challenged Regulations:*

- **5 C.F.R. § 9901.910(a)(1) & (2):**

  Subject to paragraphs (b) through (e) of this section, nothing in this subpart may affect the authority of any management official or supervisor of the Department…

  (1) To determine the mission, budget, organization, number of employees, and internal security practices of the Department.

  (2) To hire, assign, and direct employees in the Department; to assign work, make determinations with respect to contracting out, and to determine the personnel by which Departmental operations may be conducted; to determine the numbers, types, pay schedules, pay bands and/or grades of employees or positions assigned to any organizational subdivision, work project or tour of duty, and the technology, methods and means of performing work; to assign employees to meet any operational demand; and to take whatever other actions may be necessary to carry out the Department's mission….

  **CONTINUED ON NEXT SLIDE**

**SEE PREVIOUS SLIDE FOR
STATUTORY LANGUAGE**

**CONTINUED FROM PREVIOUS SLIDE**

- **5 C.F.R. § 9901.910(a)(3):**

  (3) To lay off and retain employees, or to suspend; remove; reduce in pay, pay band, or grade; or to take disciplinary action against such employees or, with respect to filing positions, to make selections for appointments from properly ranked and certified candidates for promotion from any other appropriate source….

- **5 C.F.R. § 9901.910(b):**

  (b) Management is prohibited from bargaining over the exercise of any authority under paragraph (a) of this section….

- **5 C.F.R. § 9901.910(f):**

  When an obligation exists under § 9901.917, management will provide notice to the exclusive representative and an opportunity to present its views and recommendations regarding the exercise of an authority under paragraph (a) of this section, and the parties will bargain at the level of recognition … over otherwise negotiable—

**CONTINUED ON NEXT SLIDE**

**SEE PREVIOUS SLIDE FOR STATUTORY LANGUAGE**

**CONTINUED FROM PREVIOUS SLIDE**

- **5 C.F.R. § 9901.910(f)(i) & (ii):**

  (1)(i) Appropriate arrangements for employees adversely affected by the exercise of any authority under … (a)(3) …, and procedures which management officials and supervisors will observe in exercising any authority under … (a)(3)…; and

  (ii) Appropriate arrangements for employees adversely affected by the exercise of any authority under … (a)(1) and (a)(2)…. Appropriate arrangements within the duty to bargain include proposals on matters such as personal hardships and safety measures

- **5 C.F.R. § 9901.910(f)(2):**

  Appropriate arrangements within the duty to bargain do not include proposals on matters such as the routine assignment to specific duties, shifts, or work on a regular or overtime basis except when the Secretary in his or her sole, exclusive, and unreviewable discretion authorizes such bargaining. This authorization will be based on a determination by the Secretary, in his or her sole, exclusive, and unreviewable discretion that bargaining is necessary to advance the Department's mission or promote organizational effectiveness. Any specific authorization remains in effect until an agreement is reached or management withdraws from negotiations, whichever occurs first.

**CONTINUED ON NEXT SLIDE**

**SEE PREVIOUS SLIDE FOR
STATUTORY LANGUAGE**

**CONTINUED FROM PREVIOUS SLIDE**

- **5 C.F.R. § 9901.910(g):**
  Where a proposal falls within the coverage of both paragraph (a)(1) and (a)(3) of this section or paragraph (a)(2) and (a)(3) of this section, the matter will be determined to be covered by paragraph (a)(1) or (a)(2) of this section for the purpose of collective bargaining.

- **5 C.F.R. § 9901.910(h):**
  Any mid-term agreements, reached with respect to paragraphs (c), (f)(1)(ii) or (f)(2) of this section will not be precedential or binding on subsequent acts, or retroactively applied, except at the Secretary's sole, exclusive and unreviewable discretion.

- **5 C.F.R. § 9901.910(i):**
  Nothing will delay or prevent the Secretary from exercising his or her authority under this subpart.

**Statutory Language (NDAA):**

- **5 U.S.C. § 9902(m)(6):**

  The labor relations system developed or adjusted under this subsection shall provide for independent third party review of decisions, including defining what decisions are reviewable by the third party, what third party would conduct the review, and the standard or standards for that review.

**Challenged Regulations:**

- **5 C.F.R. § 9901.907(b)(1):**

  The National Security Labor Relations Board is composed of at least three members who are appointed by the Secretary for terms of 3 years, ....  The Secretary, in his sole and exclusive discretion, may appoint additional members to the Board; in so doing, he or she will make such appointments to ensure that the Board consists of an odd number of members.

- **5 C.F.R. § 9901.907(c):**

  The Secretary, at his or her sole and exclusive discretion, will appoint one member to serve as Chair of the NSLRB.

- **5 C.F.R. § 9901.907(d)(1):**

  The appointment of two non-Chair NSLRB members will be made by the Secretary, at his or her sole and exclusive discretion, after he or she considers any lists of nominees submitted by labor organizations that represent employees in the Department

**CONTINUED ON NEXT SLIDE**

# Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
## *Labor-Mgmt. Relations – National Security Labor Relations Board Continued*

**SEE PREVIOUS SLIDE FOR STATUORY LANGUAGE**.

CONTINUED FROM PREVIOUS PAGE

- **5 C.F.R. § 9901.907(d)(2):**

  The submission of lists of recommended nominees by labor organizations must be in accordance with timeliness and requirements set forth by the Secretary, who may provide for consultation in order to obtain further information about a recommended nominee. The ability of the Secretary to appoint NSLRB members may not be delayed or otherwise affected by the failure of any labor organization to provide a list of nominees that meets the timeframe and require[ments] established by the Secretary.

- **5 C.F.R. § 9901.907(e):**

  If the Secretary determines that additional members are needed, he or she may, subject to the criteria set forth in (b)(2) of this section, appoint the additional members according to the procedures established by paragraph (d) of this section.

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(3)(D):**

  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- … (2) … chapters … 71.

*Statutory Language (Chapter 71):*

- **5 U.S.C. § 7103(a)(10):**

  "Supervisor" means an individual employed by an agency having authority in the interest of the agency to hire, direct, assign, promote, reward, transfer, furlough, layoff, recall, suspend, discipline, or remove employees, to adjust their grievances, or to effectively recommend such action, if the exercise of the authority is not merely routine or clerical in nature but requires the consistent exercise of independent judgment, except that with respect to any unit which includes firefighters or nurses, the term "supervisor" includes only those individuals who devote a preponderance of their employment time to exercising such authority.

*Challenged Regulation:*

- **5 C.F.R. § 9901.903:**

  *Supervisor* means an individual employed by the Department having authority in the interest of the Department to hire, direct, assign, promote, furlough, layoff, recall, suspend, discipline, or remove employees; to adjust their grievances; or to effectively recommend such action, if the exercise of authority is not merely routine or clerical in nature but requires the consistent exercise of independent judgment, except that, with respect to any unit which includes firefighters or nurses, the term "supervisor" includes only those individuals who devote a preponderance of their employment time to exercising such authority. It also means an individual employed by the Department who exercises supervisory authority over military members of the armed services, such as directing or assigning work or evaluating or recommending evaluations.

# Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
## *Labor-Mgmt. Relations – Restrictions on Rights of Union to Attend Formal Meetings*

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(3)(D):**

  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- … (2) … chapters … 71.

*Statutory Language (Chapter 71):*

- **5 U.S.C. § 7114(a)(2):**

  An exclusive representative of an appropriate unit in an agency shall be given the opportunity to be represented at--

  (A) any formal discussion between one or more representatives of the agency and one or more employees in the unit or their representatives concerning any grievance or any personnel policy or practices or other general condition of employment….

*Challenged Regulation:*

- **5 C.F.R. § 9901.914(a)(2)(i):**

  An exclusive bargaining representative of an appropriate unit will be given the opportunity to be represented at--

  (i) Any formal meeting between a department management official(s) and bargaining unit employees, the purpose of which is to discuss and/or announce new or substantially changed personnel policies, practices, or working conditions. This right does not apply to meetings between a management official(s) and bargaining unit employees for the purpose of discussing operational matters where any discussion of personnel policies, practices or working conditions--

  (A) Constitutes a reiteration or application of existing personnel policies, practices or working conditions;

  (B) Is incidental or otherwise peripheral to the announced purpose of the meeting; or

  (C) Does not result in an announcement of a change to, or a promise to change, an existing personnel policy(s), practice(s), or working condition(s).

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(3)(D):**

  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- … (2) … chapters … 71.

*Statutory Language (Chapter 71):*

- **5 U.S.C. § 7114(b)(4):**

  In the case of an agency, to furnish to the exclusive representative involved … upon request and, to the extent not prohibited by law, data--

  (A) which is normally maintained by the agency in the regular course of business;

  (B) which is reasonably available and necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining; and

  (C) which does not constitute guidance, advice, counsel, or training provided for management officials or supervisors, relating to collective bargaining….

*Challenged Regulation:*

- **5 C.F.R. § 9901.914(c):**

  Disclosure of information in paragraph (b)(5) of this section does not include the following:

  (1) Disclosure prohibited by law or regulations, including, but not limited to, the regulations in this part, Governmentwide rules and regulations, Departmental implementing issuance and other policies and regulations, and executive orders;

  (2) Disclosure of information if adequate alternative means exist for obtaining the requested information, or if proper discussion, understanding, or negotiation of a particular subject within the scope of collective bargaining is possible without recourse to the information…

  (4) Any disclosure where an authorized official has determined that disclosure would compromise the Department's mission, security or employee's safety.

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(3)(D):**

  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- … (2) … chapters … 71.

*Statutory Language (Chapter 71):*

- **5 U.S.C. § 7102(1):**

  Each employee shall have the right to form, join, or assist any labor organization, or to refrain from any such activity, freely and without fear of penalty or reprisal, and each employee shall be protected in the exercise of such right.  Except as otherwise provided under this chapter, such right includes the right--

  (1) to act for a labor organization in the capacity of a representative and the right, in that capacity, to present the views of the labor organization to heads of agencies and other officials of the executive branch of the Government, the Congress, or other appropriate authorities.

*Challenged Regulation:*

- **5 C.F.R. § 9901.914(a)(4):**

  Employee representatives employed by the Department are subject to the same expectations regarding conduct as any other employee, whether they are serving in their representative capacity or not.

*Statutory Language (NDAA):*

● **5 U.S.C. § 9902(b)(3)(D):**

Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

● **5 U.S.C. § 9902(d)(2):**

The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- … (2) … chapters … 71.

*Statutory Language (Chapter 71):*

● **5 U.S.C. § 7116(a)(7):**

For the purpose of this chapter, it shall be an unfair labor practice for an agency…

(7) to enforce any rule or regulation (other than a rule or regulation implementing section 2302 of this title) which is in conflict with any applicable collective bargaining agreement if the agreement was in effect before the date the rule or regulation was prescribed.

*Challenged Regulation:*

● **5 C.F.R. § 9901.916(a)(7):**

For the purpose of this subpart, it is an unfair labor practice for the Department…

(7) To enforce any issuance (other than an implementing issuance), or Governmentwide regulation, which is in conflict with an applicable collective bargaining agreement if the agreement was in effect before the issuance or regulation was prescribed.

# Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
## *Labor-Mgmt. Relations – Compensation of NAFI Employees*

**Statutory Language (NDAA):**

- **5 U.S.C. § 9902(b)(4):**

  Any system established under subsection (a) shall-- … ensure employees may organize, bargain collectively as provided for in this chapter, and participate through labor organizations of their own choosing in decisions that may affect them, subject to the provisions of this chapter and any exclusion from coverage or limitation on negotiability established pursuant to law.

- **5 U.S.C. § 9902(b)(3)(D)):**

  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- … (2) … chapters … 71.

- **5 U.S.C. § 9902(f)(4):**

  The procedures under this subsection are the exclusive procedures for the participation of employee representatives in the planning, development, implementation or adjustment of the [NSPS].

**Challenged Regulations:**

- **5 C.F.R. § 9901.305:**

  Pursuant to 5 U.S.C. 9902(f)(4) and (m)(7), any pay program established under the authority of this subpart is not subject to collective bargaining. This bar on collective bargaining applies to all aspects of the pay program, including but not limited to coverage decisions, the design of pay structures, the settling and adjustment of pay levels, pay administration rules and policies, and administrative procedures and arrangements.

- **5 C.F.R. § 9901.903:**

  *Conditions of employment* means personnel policies, practices and matters affecting working conditions-- whether established by rule, regulation, or otherwise-- except that such term does not include policies, practices, and matters relating to…

  (3) The pay of any employee or for any position, including any determinations regarding pay or adjustments thereto under subpart C of this part; ….

**CONTINUED ON NEXT SLIDE**

**CONTINUED FROM PREVIOUS SLIDE**

**SEE PREVIOUS SLIDE FOR CHALLENGED REGULATIONS**

- **5 U.S.C. § 9902(m)(7):**

  Nothing in this section, including the authority provided to waive, modify, or otherwise affect provisions of law not listed in subsections (b) and (c) as nonwaivable, shall be construed to expand the scope of bargaining under Chapter 71 or this subsection with respect to any provision of this title that may be waived, modified, or otherwise affected under this section.

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(3)(D):**

  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- … (2) … chapters … 71.

- **5 U.S.C. § 9902(h)(7):**

  Nothing in this subsection shall be construed to authorize the waiver of any provision of law, including an appeals provision providing a right or remedy under section 2302(b)(1), (8), or (9), that is not otherwise waivable under subsection (a).

*Challenged Regulation:*

- **5 C.F.R. § 9901.922(f)(2):**

  An arbitrator hearing a matter appealable under 5 U.S.C. 7701 or subpart H of this part is bound by the applicable provisions of this part.

# Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
## *Appeals – Limitations on Chapter 71 Arbitrators' Standard of Review*

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(3)(D):**
  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**
  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- … (2) … chapters … 71.

- **5 U.S.C. § 9902(h)(7):**
  Nothing in this subsection shall be construed to authorize the waiver of any provision of law, including an appeals provision providing a right or remedy under section 2302(b)(1), (8), or (9), that is not otherwise waivable under subsection (a).

*Statutory Language (Chapter 71):*

- **5 U.S.C. § 7121(e)(2):**
  In matters covered under 4303 and 7512 of this title which have been raised under the negotiated grievance procedure in accordance with this section, an arbitrator shall be governed by section 7701(c)(1) of this title, as applicable.

**CONTINUED ON NEXT SLIDE**

*Challenged Regulations:*

- **5 C.F.R. § 9901.922(f)(2):**
  An arbitrator hearing a matter appealable under 5 U.S.C. 7701 or subpart H of this part is bound by the applicable provisions of this part.

- **5 C.F.R. § 9901.807(f)(3):**
  Neither the MSPB AJ, nor the full MSPB, may reverse an action based on the way in which the charge is labeled or the conduct characterized, provided the employee has sufficient notice to respond to the charge.

- **5 C.F.R. § 9901.807(f)(4):** Neither the MSPB AJ, nor the full MSPB, may reverse an action based on the way a performance expectation is expressed, provided that the expectation would be clear to a reasonable person.

**CONTINUED FROM PREVIOUS SLIDE**

**SEE PREVIOUS SLIDE FOR CHALLENGED REGULATIONS**

*Statutory Language (Chapter 77, incorporated by Chapter 71):*

- **5 U.S.C. § 7701(c)(1):**
  Subject to paragraph (2) of this subsection, the decision of the agency shall be sustained under subsection (b) only if the agency's decision—

  (A) in a case of an action based on unacceptable performance described in section 4303, is supported by substantial evidence; or

  (B) in any other case, is supported by a preponderance of the evidence.

- **5 U.S.C. § 7701(c)(2):**
  Notwithstanding paragraph (1), the agency's decision may not be sustained under subsection (b) of this section if the employee or applicant for employment—

  (A) shows harmful error in the application of the agency's procedures in arriving at such decision;

  (B) shows that the decision was based on a prohibited personnel practice described in section 2302(b) of this title; or

  (C) shows that the decision is not in accordance with law.

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(3)(D):**

  Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));.…

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- … (2) … chapters … 71.

- **5 U.S.C. § 9902(h)(7):**

  Nothing in this subsection shall be construed to authorize the waiver of any provision of law, including an appeals provision providing a right or remedy under section 2302(b)(1), (8), or (9), that is not otherwise waivable under subsection (a).

*Statutory Language (Chapter 71):*

- **5 U.S.C. § 7121(e)(2):**

  In matters covered under 4303 and 7512 of this title which have been raised under the negotiated grievance procedure in accordance with this section, an arbitrator shall be governed by section 7701(c)(1) of this title, as applicable.

**CONTINUED ON NEXT SLIDE**

*Challenged Regulations:*

- **5 C.F.R. § 9901.807(f)(2):**

  (i) An AJ will give great deference to the determination regarding the penalty imposed.

  (ii) An AJ may not modify the penalty imposed unless such penalty is totally unwarranted in light of all circum-stances. In evaluating the appropriate-ness of the penalty, the AJ will give primary consideration to the impact of the sustained misconduct or poor performance on the Department's national security mission in accordance with § 9901.107(a)(2).

- **5 C.F.R. § 9901.922(f)(2):**

  An arbitrator hearing a matter appealable under 5 U.S.C. 7701 or subpart H of this part is bound by the applicable provisions of this part.

**CONTINUED FROM PREVIOUS SLIDE**

**SEE PREVIOUS SLIDE FOR CHALLENGED REGULATIONS**

*Statutory Language (Chapter 77, incorporated by Chapter 71):*

- **5 U.S.C. § 7701(c)(1):**
Subject to paragraph (2) of this subsection, the decision of the agency shall be sustained under subsection (b) only if the agency's decision—

  (A) in a case of an action based on unacceptable performance described in section 4303, is supported by substantial evidence; or

  (B) in any other case, is supported by a preponderance of the evidence.

- **5 U.S.C. § 7701(c)(2):**
Notwithstanding paragraph (1), the agency's decision may not be sustained under subsection (b) of this section if the employee or applicant fro employment—

  (A) shows harmful error in the application of the agency's procedures in arriving at such decision;

  (B) shows that the decision was based on a prohibited personnel practice described in section 2302(b) of this title; or

  (C) shows that the decision is not in accordance with law.

**Statutory Language (NDAA):**

● **5 U.S.C. § 9902(b)(3)(D):**
Any system established under subsection (a) shall--… not waive, modify, or otherwise affect-- … any other provision of this part (as described in subsection (d));….

● **5 U.S.C. § 9902(d)(2):**
The other provisions of this part referred to in subsection b(3)(D) are (to the extent not otherwise specified in this title)- … (2) … chapters … 71.

● **5 U.S.C. § 9902(h)(7):**
Nothing in this subsection shall be construed to authorize the waiver of any provision of law, including an appeals provision providing a right or remedy under section 2302(b)(1), (8), or (9), that is not otherwise waivable under subsection (a).

**CONTINUED ON NEXT SLIDE**

**Challenged Regulations:**

● **5 C.F.R. § 9901.922(f)(2):**
An arbitrator hearing a matter appealable under 5 U.S.C. 7701 or subpart H of this part is bound by the applicable provisions of this part.

● **5 C.F.R. § 9901.807(g)(2)(i):**
(i) Thirty days after the timely filing of an RFR, the initial AJ decision will become the Department's final, nonprecedential decision, unless notice is served on the parties and MSPB within that 30-day period that the Department will act on the RFR….

● **5 C.F.R. § 9901.807(g)(2)(ii)(A):**
(ii) If a decision is made to act on the RFR, the other party to the case will be provided 15 days to respond to the RFR. An extension to the filing period may be granted for good cause. After receipt of a timely responses to an RFR—

(A) If a determination is made that there has been a material error of fact … the matter will be remanded to the assigned AJ for further adjudication or a final DoD decision will be issued modifying or reversing the initial decision or decision after remand….

**CONTINUED ON NEXT SLIDE**

**CONTINUED FROM PREVIOUS SLIDE**

*Statutory Language (Chapter 71):*

- **5 U.S.C. § 7121(f):**

  In matters covered under sections 4303 and 7512 of this title which have been raised under the negotiated grievance procedure in accordance with this section, section 7703 of this title pertaining to judicial review shall apply to an award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the Board. In matters similar to those covered under sections 4304 and 7512 of this title which arise under other personnel systems and which an aggrieved employee has raised under the negotiated grievance procedure, judicial review of an arbitrator's award may be obtained in the same manner and on the same basis as could be obtained of a final decision in such matters raised under applicable appellate procedures.

*Statutory Language (Chapter 77, incorporated by Chapter 71):*

- **5 U.S.C. § 7703(a)(1):**

  Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the [MSPB] may obtain judicial review of the order or decision.

**CONTINUED FROM PREVIOUS SLIDE**

- **5 C.F.R. § 9901.807(g)(2)(ii)(B):**

  Where it is determined that the initial AJ decision has a direct and substantial adverse impact on the Department's national security mission or is based on an erroneous interpretation of law, Government-wide rule or regulation, or this part, a final DoD decision will be issued modifying or reversing the initial decision for such purposes.

- **5 C.F.R. § 9901.923(a):**

  Either party to arbitration under this subpart may file with the Board an exception to any arbitrator's award, except an award issue in connection with an appealable matter under § 9901.922(f) or matters similar to those covered under 5 U.S.C. 4303 and 7512 arising under other personnel systems, which will be adjudicated under the procedures described in § 9901.807(g) [Department Review] and (h) [MSPB Review]. Such procedures are adopted in this subpart for these purposes.

**CONTINUED ON NEXT SLIDE**

## Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
### *Appeals - Review of Arbitrators' Decisions by Department Continued*

**CONTINUED FROM PREVIOUS SLIDE**

- **5 U.S.C. § 7703(b)(1):**

  Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit . Notwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board.

SEE PREVIOUS SLIDE FOR CHALLENGED REGULATIONS

## Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
### *Appeals - Review of Arbitrators' Decisions by MSPB*

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(b)(3)(D):**

  Any system established under subsection (a) shall--…
  not waive, modify, or otherwise affect-- … any other
  provision of this part (as described in subsection (d));….

- **5 U.S.C. § 9902(d)(2):**

  The other provisions of this part referred to in
  subsection b(3)(D) are (to the extent not otherwise
  specified in this title)- … (2) … chapters … 71.

- **5 U.S.C. § 9902(h)(6):**

  An employee who is adversely affected by a final order
  or decision of the Board may obtain judicial review of
  the order or decision as provided in section 7703.  The
  Secretary of Defense, after notifying the Director, may
  obtain judicial review of any final order or decision of
  the Board under the same terms and conditions as
  provided an employee.

- **5 U.S.C. § 9902(h)(7):**

  Nothing in this subsection shall be construed to
  authorize the waiver of any provision of law, including
  an appeals provision providing a right or remedy under
  section 2302(b)(1), (8), or (9), that is not otherwise
  waivable under subsection (a).

**CONTINUED ON NEXT SLIDE**

*Challenged Regulations:*

- **5 C.F.R. § 9901.922(f)(2):**

  An arbitrator hearing a matter appealable under 5
  U.S.C. 7701 or subpart H of this part is bound by the
  applicable provisions of this part.

- **5 C.F.R. § 9901.807(h)(2)(i):**

  Upon receipt of a final DoD decision issued under
  paragraph (g)(2)(ii) of this section, an employee or
  OPM may file a [request for review] with the full
  MSPB within 30 days in accordance with 5 U.S.C.
  9902(h).

- **5 C.F.R. § 9901.807(i):**

  The Secretary or an employee adversely affected by an
  order or decision of MSPB may seek judicial review
  under 5 U.S.C. 9902(h)(6).

- **5 C.F.R. § 9901.923(a):**

  Either party to arbitration under this subpart may file
  with the Board an exception to any arbitrator's award,
  except an award issue in connection with an appealable
  matter under § 9901.922(f) or matters similar to those
  covered under 5 U.S.C. 4303 and 7512 arising under
  other personnel systems, which will be adjudicated
  under the procedures described in § 9901.807(g)
  [Department Review] and (h) [MSPB Review].  Such
  procedures are adopted in this subpart for these
  purposes.

**CONTINUED FROM PREVIOUS SLIDE**

SEE PREVIOUS SLIDE FOR
CHALLENGED REGULATIONS

*Statutory Language (Chapter 71):*

- **5 U.S.C. § 7121(f):**
  In matters covered under sections 4303 and 7512 of this title which have been raised under the negotiated grievance procedure in accordance with this section, section 7703 of this title pertaining to judicial review shall apply to an award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the Board.  In matters similar to those covered under sections 4304 and 7512 of this title which arise under other personnel systems and which an aggrieved employee has raised under the negotiated grievance procedure, judicial review of an arbitrator's award may be obtained in the same manner and on the same basis as could be obtained of a final decision in such matters raised under applicable appellate procedures.

*Statutory Language (Chapter 77, incorporated by Chapter 71):*

- **5 U.S.C. § 7703(a)(1):**
  Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the [MSPB] may obtain judicial review of the order or decision.

**CONTINUED ON NEXT SLIDE**

**CONTINUED FROM PREVIOUS SLIDE**

**SEE PREVIOUS SLIDE FOR CHALLENGED REGULATIONS**

- **5 U.S.C. § 7703(b)(1):**

  Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit . Notwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board.

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(h)(1):**

  The Secretary—

  (A) may establish an appeals process that provides employees of the Department of Defense organizational and functional units that are included in the [NSPS] fair treatment in any appeals that they bring in decisions relating to their employment; and

  (B) shall in prescribing regulations for any such appeals process—

  (i) ensure that employees in the [NSPS] are afforded the protections of due process; and ….

- **5 U.S.C. § 9902(h)(2):**

  Regulations implementing the appeals process may establish legal standards and procedures for personnel actions, including standards for applicable relief, to be taken on the basis of employee misconduct or performance that fails to meet expectations. Such standards shall be consistent with public employment principles of merit and fitness set forth in section 2301.

*Challenged Regulations:*

- **5 C.F.R. § 9901.807(f)(2)(i):**

  (i) An AJ will give great deference to the determination regarding the penalty imposed.

- **5 C.F.R. § 9901.807(f)(2)(ii):**

  (ii) An AJ may not modify the penalty imposed unless such penalty is totally unwarranted in light of all circumstances. In evaluating the appropriateness of the penalty, the AJ will give primary consideration to the impact of the sustained misconduct or poor performance on the Department's national security mission in accordance with § 9901.107(a)(2).

- **5 C.F.R. § 9901.807(f)(2)(iv):**

  When a penalty is mitigated, the maximum justifiable penalty must be applied. The maximum justifiable penalty is the severest penalty that is not so disproportionate to the basis for the action as to be totally unwarranted in light of all pertinent circumstances.

**CONTINUED ON NEXT PAGE**

## Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
### *Appeals - Mitigation Standard for Administrative Judges Continued*

**CONTINUED FROM PREVIOUS SLIDE**

**SEE PREVIOUS SLIDE FOR CHALLENGED REGULATIONS**

- **5 U.S.C. § 9902(h)(5)(A):**

    The Board may order such corrective action as the Board considers appropriate only if the Board determines that the decision was --

    (A) arbitrary, capricious, and abuse of discretion or otherwise not in accordance with law…

*Statutory Language (Chapter 23, incorporated by Chapter 99):*

- **5 U.S.C. § 2301(b)(8)(A):**

    Federal personnel management should be implemented consistent with these principles: …

    (8) Employees should be –

    (A) protected against arbitrary action, personal favoritism, or coercion for partisan political purposes….

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(h)(1):**

  The Secretary—

  (A) may establish an appeals process that provides employees of the Department of Defense organizational and functional units that are included in the [NSPS] fair treatment in any appeals that they bring in decisions relating to their employment; and

  (B) shall in prescribing regulations for any such appeals process—

  (i) ensure that employees in the [NSPS] are afforded the protections of due process; and ….

- **5 U.S.C. § 9902(h)(2):**

  Regulations implementing the appeals process may establish legal standards and procedures for personnel actions, including standards for applicable relief, to be taken on the basis of employee misconduct or performance that fails to meet expectations. Such standards shall be consistent with public employment principles of merit and fitness set forth in section 2301.

  **CONTINUED ON NEXT PAGE**

*Challenged Regulation:*

- **5 C.F.R. § 9901.807(g)(2):**

  (i) Thirty days after the timely filing of an RFR, the initial AJ decision will become the Department's final, nonprecedential decision, unless notice is served on the parties and MSPB within that 30-day period that the Department will act on the RFR….

  (ii) If a decision is made to act on the RFR, the other party to the case will be provided 15 days to respond to the RFR. An extension to the filing period may be granted for good cause. After receipt of a timely response to an RFR—

  (A) If a determination is made that there has been a material error of fact … the matter will be remanded to the assigned AJ for further adjudication or a final DoD decision will be issued modifying or reversing the initial decision or decision after remand….

  (B) Where it is determined that the initial AJ decision has a direct and substantial adverse impact on the Department's national security mission or is based on an erroneous interpretation of law, Government-wide rule or regulation, or this part, a final DoD decision will be issued modifying or reversing the initial decision for such purposes.

**CONTINUED FROM PREVIOUS SLIDE**

**SEE PREVIOUS SLIDE FOR CHALLENGED REGULATIONS**

*Statutory Language (Chapter 23, incorporated by Chapter 99):*

- <u>**5 U.S.C. § 2301(b)(8)(A):**</u>
  Federal personnel management should be implemented consistent with these principles: …

  (8) Employees should be –

  (A) protected against arbitrary action, personal favoritism, or coercion for partisan political purposes….

## Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
### *Appeals – Limitations Upon Interim Relief Granted by the MSPB*

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(h)(4):**

….  No personnel action may be stayed and no interim relief shall be granted during the pendency of the Board's review unless specifically ordered by the Board.

*Challenged Regulation:*

- **5 C.F.R. § 9901.807(f)(5):**

Pursuant to 5 U.S.C. 9902(h)(4), employees will not be granted interim relief, nor will an action be stayed, unless specifically ordered by the full MSPB following final decision by the Department.

(i) If the interim relief ordered by the full MSPB provides that the employee will return or be present at the place of employment pending the outcome of any petition for review, and the Secretary determines, in his or her sole, exclusive and unreviewable discretion, that the employee's return to the workplace is impracticable or the presence of the employee is unduly disruptive to the work environment, the employee may be placed in an alternative position, or may be placed on an excused absence pending final disposition of the employee's appeal.

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(h)(1):**

  The Secretary—

  (A) may establish an appeals process that provides employees of the Department of Defense organizational and functional units that are included in the [NSPS] fair treatment in any appeals that they bring in decisions relating to their employment; and

  (B) shall in prescribing regulations for any such appeals process—

  (i) ensure that employees in the [NSPS] are afforded the protections of due process; and ….

- **5 U.S.C. § 9902(h)(2):**

  Regulations implementing the appeals process may establish legal standards and procedures for personnel actions, including standards for applicable relief, to be taken on the basis of employee misconduct or performance that fails to meet expectations. Such standards shall be consistent with public employment principles of merit and fitness set forth in section 2301.

  **CONTINUED ON NEXT PAGE**

*Challenged Regulations:*

- **5 C.F.R. § 9901.807(f)(3):**

  Neither the MSPB AJ, nor the full MSPB, may reverse an action based on the way in which the charge is labeled or the conduct characterized, provided the employee has sufficient notice to respond to the charge.

- **5 C.F.R. § 9901.807(f)(4):** Neither the MSPB AJ, nor the full MSPB, may reverse an action based on the way a performance expectation is expressed, provided that the expectation would be clear to a reasonable person.

**CONTINUED FROM PREVIOUS SLIDE**

**SEE PREVIOUS SLIDE FOR CHALLENGED REGULATIONS**

- **5 U.S.C. § 9902(h)(5):**

The Board may order such corrective action as the Board considers appropriate only if the Board determines that the decision was--

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) obtained without procedures required by law, rule, or regulation having been followed; or

(C) unsupported by substantial evidence.

*Statutory Language (Chapter 23, incorporated by Chapter 99):*

- **5 U.S.C. § 2301(b)(8)(A):**

Federal personnel management should be implemented consistent with these principles: …

(8) Employees should be –

(A) protected against arbitrary action, personal favoritism, or coercion for partisan political purposes….

*Statutory Language (NDAA):*

- **5 U.S.C. § 9902(h)(1):**

  The Secretary—

  (A) may establish an appeals process that provides employees of the Department of Defense organizational and functional units that are included in the [NSPS] fair treatment in any appeals that they bring in decisions relating to their employment; and

  (B) shall in prescribing regulations for any such appeals process—

  (i) ensure that employees in the [NSPS] are afforded the protections of due process; and ….

- **5 U.S.C. § 9902(h)(2):**

  Regulations implementing the appeals process may establish legal standards and procedures for personnel actions, including standards for applicable relief, to be taken on the basis of employee misconduct or performance that fails to meet expectations. Such standards shall be consistent with public employment principles of merit and fitness set forth in section 2301.

  **CONTINUED ON NEXT PAGE**

*Challenged Regulations:*

- **5 C.F.R. § 9901.712(c):**

  The Secretary has the sole, exclusive and unreviewable discretion to mitigate the removal penalty on his or her own initiative or at the request of the employee in question.

- **5 C.F.R. § 9901.807(f)(2)(v):**

  If the adverse action is based on an MRO, the penalty may only be mitigated as prescribed in § 9901.808.

- **5 C.F.R. § 9901.808(b):**

  If one or more MROs are sustained, the MSPB AJ may not mitigate the penalty.

- **5 C.F.R. § 9901.808(c):**

  Only the Secretary may mitigate the penalty within the Department.

- **5 C.F.R. § 9901.808(d):**

  If the MSPB AJ or the full MSPB sustains an employee's appeal based on a finding that the employee did not commit an MRO, a subsequent proposed adverse action (other than an MRO) based in whole or in part on the same or similar evidence is not precluded.

**CONTINUED FROM PREVIOUS SLIDE**

**SEE PREVIOUS SLIDE FOR CHALLENGED REGULATIONS**

- **5 U.S.C. § 9902(h)(5):**

  The Board may order such corrective action as the Board considers appropriate only if the Board determines that the decision was--

  (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

  (B) obtained without procedures required by law, rule, or regulation having been followed; or

  (C) unsupported by substantial evidence.

*Statutory Language (Chapter 23, incorporated by Chapter 99):*

- **5 U.S.C. § 2301(b)(8)(A):**

  Federal personnel management should be implemented consistent with these principles: …

  (8) Employees should be –

  (A) protected against arbitrary action, personal favoritism, or coercion for partisan political purposes….

**Statutory Language (NDAA):**

- **5 U.S.C. § 9902(h)(1):**

  The Secretary—

  (A) may establish an appeals process that provides employees of the Department of Defense organizational and functional units that are included in the [NSPS] fair treatment in any appeals that they bring in decisions relating to their employment; and

  (B) shall in prescribing regulations for any such appeals process—

  (i) ensure that employees in the [NSPS] are afforded the protections of due process; and ….

- **5 U.S.C. § 9902(h)(2):**

  Regulations implementing the appeals process may establish legal standards and procedures for personnel actions, including standards for applicable relief, to be taken on the basis of employee misconduct or performance that fails to meet expectations. Such standards shall be consistent with public employment principles of merit and fitness set forth in section 2301.

**Challenged Regulation:**

- **5 C.F.R. § 9901.922(c):**

  The preceding paragraphs of this section [addressing grievance procedures] do not apply with respect to any matter concerning-- …

  (4) A removal taken under mandatory removal authority as defined in § 9901.712….

### CONTINUED ON NEXT SLIDE

**CONTINUED FROM PREVIOUS SLIDE**

**SEE PREVIOUS SLIDE FOR CHALLENGED REGULATIONS**

*Statutory Language (Chapter 71):*

- **5 U.S.C. § 7121(e)(1):**

  Matters covered under sections 4303 and 7512 of of this title which also fall within the coverage of the negotiated grievance procedure may, in the discretion of the aggrieved employee, be raised either under the appellate procedures of section 7701 of this title or under the negotiated grievance procedure, but not both. Similar matters which arise under other personnel systems applicable to employees covered by this chapter may, in the discretion of the aggrieved employee, be raised either under the appellate procedures, if any, applicable to those matters, or under the negotiated grievance procedure, but not both. An employee shall be deemed to have exercised his option under this subsection to raise a matter either under the applicable appellate procedures or under the negotiated grievance procedure at such time as the employee timely files a notice of appeal under the applicable appellate procedures or timely files a grievance in writing in accordance with the provisions of the parties' negotiated grievance procedure, whichever occurs first.

| STATUTE (NDAA) | SLIDE NO. |
|---|---|
| 5 U.S.C. § 9902(a)(1) | 03 |
| 5 U.S.C. § 9902(b)(3)(D) | 03, 04, 05, 07 |
| | 08, 10, 11, 14 |
| | 20, 21, 22, 23 |
| | 24, 25, 27, 28 |
| | 30, 32, 35 |
| 5 U.S.C. § 9902(b)(4) | 03, 04, 05, 07 |
| | 08, 10, 11, 14 |
| | 25 |
| 5 U.S.C. § 9902(d)(2) | 03, 04, 05, 07 |
| | 08, 10, 11, 14 |
| | 20, 21, 22, 23 |
| | 24, 25, 27, 28 |
| | 30, 32, 35 |
| 5 U.S.C. § 9902(f)(4) | 25 |

**CONTINUED ON NEXT PAGE**

| STATUTE (NDAA) | SLIDE NO. |
|---|---|
| 5 U.S.C. § 9902(h)(1) . . . . . . . . . . . . . . . . | 38, 40, 43, 45 47 |
| 5 U.S.C. § 9902(h)(2) . . . . . . . . . . . . . . . . | 38, 40, 43, 45 47 |
| 5 U.S.C. § 9902(h)(4) . . . . . . . . . . . . . . . | 42 |
| 5 U.S.C. § 9902(h)(5) . . . . . . . . . . . . . . . | 44, 46 |
| 5 U.S.C. § 9902(h)(5)(A) . . . . . . . . . . . . . | 39 |
| 5 U.S.C. § 9902(h)(6) . . . . . . . . . . . . . . . | 35 |
| 5 U.S.C. § 9902(h)(7) . . . . . . . . . . . . . . . . | 27, 28, 30, 32 35 |
| 5 U.S.C. § 9902(m)(1) . . . . . . . . . . . . . . . | 01, 03, 04 |
| 5 U.S.C. § 9902(m)(2) . . . . . . . . . . . . . . . . | 01 |
| 5 U.S.C. § 9902(m)(3) . . . . . . . . . . . . . . . . | 01-02 |
| 5 U.S.C. § 9902(m)(4) . . . . . . . . . . . . . . . . | 02 |
| 5 U.S.C. § 9902(m)(5) . . . . . . . . . . . . . . . . | 02 |
| 5 U.S.C. § 9902(m)(6) . . . . . . . . . . . . . . . . | 18 |
| 5 U.S.C. § 9902(m)(7) . . . . . . . . . . . . . . . . | 26 |

# Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
## *Appendix 2 - Table of Other Cited Statutory Language*

| STATUTE | SLIDE NO. |
|---|---|
| 5 U.S.C. § 2301(b)(8)(A) | 39, 41, 44, 46 |
| 5 U.S.C. § 7102(1) | 23 |
| 5 U.S.C. § 7103(a)(10) | 20 |
| 5 U.S.C. § 7106(b)(1) | 10 |
| 5 U.S.C. § 7106(b)(2) | 11 |
| 5 U.S.C. § 7106(b)(3) | 14 |
| 5 U.S.C. § 7114(a)(2) | 21 |
| 5 U.S.C. § 7114(a)(4) | 06, 09 |
| 5 U.S.C. § 7114(b)(4) | 22 |
| 5 U.S.C. § 7116(a)(7) | 24 |
| 5 U.S.C. § 7117(a)(1) | 06, 09 |
| 5 U.S.C. § 7117(a)(2) | 06, 09 |
| 5 U.S.C. § 7121(e)(1) | 48 |
| 5 U.S.C. § 7121(e)(2) | 28, 30 |
| 5 U.S.C. § 7121(f) | 33, 35 |
| 5 U.S.C. § 7701(c)(1) | 29, 31 |
| 5 U.S.C. § 7701(c)(2) | 29, 31 |
| 5 U.S.C. § 7703(a)(1) | 33, 35 |
| 5 U.S.C. § 7703(b)(1) | 34, 36 |

| REGULATION | SLIDE NO. |
|---|---|
| 5 C.F.R. § 9901.103 | 03, 08 |
| 5 C.F.R. § 9901.104(f) | 04 |
| 5 C.F.R. § 9901.106 | 05 |
| 5 C.F.R. § 9901.305 | 25 |
| 5 C.F.R. § 9901.712(c) | 45 |
| 5 C.F.R. § 9901.807(f)(2)(i) | 30, 38 |
| 5 C.F.R. § 9901.807(f)(2)(ii) | 30, 38 |
| 5 C.F.R. § 9901.807(f)(2)(iv) | 38 |
| 5 C.F.R. § 9901.807(f)(2)(v) | 45 |
| 5 C.F.R. § 9901.807(f)(3) | 28, 43 |
| 5 C.F.R. § 9901.807(f)(4) | 28, 43 |
| 5 C.F.R. § 9901.807(f)(5) | 42 |
| 5 C.F.R. § 9901.807(g)(2)(i) | 32, 40 |
| 5 C.F.R. § 9901.807(g)(2)(ii)(A) | 32, 40 |
| 5 C.F.R. § 9901.807(g)(2)(ii)(B) | 33, 40 |
| 5 C.F.R. § 9901.807(h)(2)(i) | 35 |

**CONTINUED ON NEXT PAGE**

| REGULATION | SLIDE NO. |
|---|---|
| 5 C.F.R. § 9901.807(i) | 35 |
| 5 C.F.R. § 9901.808(b) | 45 |
| 5 C.F.R. § 9901.808(c) | 45 |
| 5 C.F.R. § 9901.808(d) | 45 |
| 5 C.F.R. § 9901.902 | 04 |
| 5 C.F.R. § 9901.903 | 20, 25 |
| 5 C.F.R. § 9901.905 | 07 |
| 5 C.F.R. § 9901.907(b)(1) | 18 |
| 5 C.F.R. § 9901.907(c) | 18 |
| 5 C.F.R. § 9901.907(d)(1) | 18 |
| 5 C.F.R. § 9901.907(d)(2) | 19 |
| 5 C.F.R. § 9901.907(e) | 19 |
| 5 C.F.R. § 9901.910(a)(1) | 11, 14 |
| 5 C.F.R. § 9901.910(a)(2) | 10, 11, 14 |
| 5 C.F.R. § 9901.910(a)(3) | 15 |
| 5 C.F.R. § 9901.910(b) | 10, 11, 15 |
| 5 C.F.R. § 9901.910(c) | 12 |
| 5 C.F.R. § 9901.910(d) | 13 |

**CONTINUED ON NEXT PAGE**

## Plaintiffs' Comparison of the Statutory Language and the Challenged Regulations
### *Appendix 3 - Table of Cited Challenged Regulations*

| REGULATION | SLIDE NO. |
|---|---|
| 5 C.F.R. § 9910.910(f) | 15 |
| 5 C.F.R. § 9910.910(f)(i) | 16 |
| 5 C.F.R. § 9910.910(f)(ii) | 16 |
| 5 C.F.R. § 9910.910(f)(2) | 16 |
| 5 C.F.R. § 9901.910(g) | 17 |
| 5 C.F.R. § 9901.910(h) | 13, 17 |
| 5 C.F.R. § 9901.910(i) | 13, 17 |
| 5 C.F.R. § 9901.914(a)(2)(i) | 21 |
| 5 C.F.R. § 9901.914(a)(4) | 23 |
| 5 C.F.R. § 9901.914(c) | 22 |
| 5 C.F.R. § 9901.916(a)(7) | 24 |
| 5 C.F.R. § 9901.917(d)(1) | 08 |
| 5 C.F.R. § 9901.922(c)(4) | 47 |
| 5 C.F.R. § 9901.922(f)(2) | 27, 28, 30, 32 35 |
| 5 C.F.R. § 9901.923 (a) | 33, 35 |