IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*, | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. 05-02183 (EGS) <br> : |
| v. | : <br> : |
| DONALD H. RUMSFELD, SECRETARY, UNITED STATES DEPARTMENT OF DEFENSE, *et al.*, | : <br> : <br> : |
| Defendants. | : |

**PLAINTIFFS' SUPPLEMENTAL RESPONSE WITH RESPECT TO
THE COMPARISON OF THE NSPS APPEALS SYSTEM
WITH THE SYSTEM USED BY
THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Pursuant to the Court's explicit permission,[1] which it provided during the January 24, 2006 oral argument in the above-captioned case, the Plaintiffs hereby provide this supplemental response to the argument raised by the Department of Defense and Office of Personnel Management (collectively "DoD") comparing the appeals process provided in final regulations establishing the National Security Personnel System ("NSPS") to the system adopted by the Equal Employment Opportunity Commission ("EEOC") for adjudicating discrimination complaints brought by federal employees against their agencies. *See* 29 C.F. R. § 1614.

At the close of its oral argument, the DoD argued that the appeals system established in the NSPS, which allows independent administrative judges "to become part of the agency process[,] is not unique." Tr. at 3. The DoD further asserted for the first time that the NSPS

---

[1] Excerpt of the January 24, 2005 Oral Argument Transcript ("Tr.") at 3, a true and correct copy of which is attached as Exhibit 1.

appeals system "is very similar to a system used for equal employment opportunity complaints with the EEOC…." *Id.* The DoD described the NSPS appeals system as being similar:

> … in the same way the EEOC assigns an administrative judge, independent administrative judge, to hear the matter.
>
> Then after the administrative judge makes its initial recommended determination the agency can determine it's not going to follow it, it makes it final decision, it says we disagree with the administrative judge, we're not going to follow it, and, in addition, at the same time files an appeal with the full EEOC.

*Id.* The DoD made this comparison to the EEOC's complaint process in an attempt to portray the NSPS appeals system as fair. *Id.* at 4.

While the DoD tries to compare the NSPS appeals system to the EEOC's *current* complaint process, the NSPS system bears a closer relationship to the EEOC's *former* complaint system. Prior to 1999, federal employees could request hearings before EEOC Administrative Judges ("AJ's"), although, under the complaint process at the time, the AJs' final decisions were essentially treated as advisory. *See* Federal Sector Equal Employment Opportunity, Proposed Rule, 63 Fed. Reg. 8594, 8598 (proposed Feb. 20, 1998) (to be codified at 29 C.F.R. Part 1600) (describing former 29 C.F.R. § 1614).[2] The complaint process permitted federal agencies to reject AJ decisions and substitute their own "final agency decisions," from which the federal employee then had the right to appeal either to the EEOC's Office of Federal Operations, *and* to file a lawsuit seeking *de novo* review in a federal district court. *See* 63 Fed. Reg. 8594 (1998).

In 1998, the EEOC proposed to strip agencies of the authority to substitute "final agency decisions" for AJ decisions, explaining:

---

[2] Under the EEOC's complaint process prior to 1999, agencies were entitled to issue "final decisions" that "shall consist of findings by the agency on the merits of each issue in the complaint and, when discrimination is found, appropriate remedies and relief in accordance with subpart E of this part." 29 C.F.R. § 1614.110 (1998). This provision is similar to the "Department Review Process" in the NSPS, which permits the DoD to modify or reverse an AJ's decision on the merits. *See* 5 C.F.R. § 9901.807(g)(2).

> The Commission believes that allowing agencies to reject or modify an administrative judge's findings of fact and conclusions of law leads to an unavoidable conflict of interest. This is particularly true because those cases have been referred to a neutral third party, an EEOC administrative judge, to hear the dispute….
>
> The Commission believes that the proposed change will address the perception of unfairness and conflict of interest in agencies deciding complaints of discrimination against them. In addition, this proposal eliminates a layer of review and permits decision-making at an earlier state, … thus making the process more efficient.

63 Fed. Reg. at 8598. In the final rule adopted in 1999, the EEOC reiterated this concern:

> The Commission strongly believes that allowing agencies to reject or modify an administrative judge's findings of fact and conclusions of law and to substitute their own decision leads to an unavoidable conflict of interest and creates a perception of unfairness in the federal EEO system.… [T]he functional goal of the … proposal [is that] agencies will no longer be able to simply substitute their view of a case for that of an independent decision-maker.

Federal Sector Equal Employment Opportunity, Final Rule, 64 Fed. Reg. 37643, 37649 (1999) (to be codified at 29 C.F.R. Part 1600).

In the final rule, adopted in 1999, the EEOC revised its complaint process to provide that the decision of an AJ will be final, although it preserved the right of an agency to decide whether or not to adopt the AJ decision as the agency's own "final action." 29 C.F.R. § 1614.110(a) (2005). An agency cannot substitute the AJ's decision with one of its own. *Id.* In addition, the EEOC further granted agencies the right to appeal administrative judges' final decisions to the EEOC's Office of Federal Operations, and *required* that agencies file such appeals in case where they choose not to adopt and implement the AJ's decision. *Id.; See* 29 C.F.R. § 1614.405 (2005).

Contrary to DoD's contention at oral argument, the appeals process set forth in the NSPS does not resemble the current complaint process utilized by the EEOC. The current process does not give an agency the power or authority to alter the findings of the AJ, alter the record, or make any other changes to the AJ's decision or the underlying proceedings, as does the DoD's

3

proposed regulation; nor does it purport to limit or affect arbitrators' authority in any way.[3] *Compare* 5 C.F.R.§§ 9901.807(g)(2)(ii)(A) & (B), 9901.923(a) *with* 29 C.F.R. § 1614. Instead, an *independent* third party, the Commission, conducts the review, and what it reviews is not the *agency's* decision but the decision of the independent fact-finder – the AJ. 29 C.F.R. § 1614.405. The agency is simply an equal party before the Commission.

By contrast, the NSPS system allows the DoD to reverse, modify and/or remand a decision of an AJ or arbitrator, and even goes further in allowing DoD to substitute its own judgment for that of the independent fact-finder, *e.g.*, declaring that its deciding official was a more credible witness than the complainant, and/or remanding a case over and over until it gets the decision it prefers. 5 C.F.R.§§ 9901.807(g)(2)(ii)(A) & (B), 9901.923(a). The DoD substitute then becomes the 'final decision,' and is the only decision that the MSPB may review. § 9901.807(h)(2)(ii); 9901.923(a). DoD's ability to substitute its own decision for that of an MSPB AJ or an arbitrator is similar to the EEOC's *former* complaint process, not its *current* one. As discussed above, the EEOC discarded that former complaint process because it led to an "unavoidable conflict of interest" and a "perception of unfairness." *See* Final Rule, 64 Fed. Reg. at 37649; Proposed Rule, 63 Fed. Reg. at 8598.

The Plaintiffs similarly ask this Court to invalidate the NSPS appeal process. When compared to the enabling statute, the NSPS appeals does not guarantee employees "fair treatment in any appeals that they bring," 5 U.S.C. § 9902(h)(1)(A); it does not ensure due process, 5 U.S.C. § 9902(h)(1)(B)(i); and it is not "consistent with the public employment principles of merit and fitness set forth in [5 U.S.C.] section 2301," 5 U.S.C. § 9902(h)(2), which *explicitly*

---

[3] In fact, while the now-rejected EEOC process allowed agencies to disregard, but not modify, decisions of the EEOC AJs, the DoD proposal permits the shredding of fact-findings by MSPB AJs.

*require* that "employees should be protected against arbitrary action." 5 U.S.C. § 2301(b)(8)(A). Thus, the appeals system in the NSPS violates the plain language of 5 U.S.C. § 9902(h)(1) and (2) and must be overturned under *Chevron* Step 1. *Chevron USA v. National Resources Defense Council*, 467 U.S. 837, 842-43 (1984); *Aid Ass'n for Lutherans v. United States Postal Svc.*, 321 F.3d 1166 1174 (D.C. Cir. 2003). The NSPS system also fails to pass muster under *Chevron* Step 2 as well, which requires that agency regulations reasonably comport with the language of the statute and further the regulations' stated goals. *Chevron*, 467 U.S. at 842-43; *Nat'l Ass'n of Regulatory Util. Comm'rs v. ICC*, 41 F.3d 721, 726 (D.C. Cir. 1994) (finding agency action will be deemed arbitrary and capricious unless agencies "articulate a satisfactory explanation for [their] action between the facts found and the choice made").

      Accordingly, for the foregoing reasons, as well as those raised in the papers and at oral argument, the Plaintiffs request that the Court find the appeal provisions fail under *Chevron* and must be enjoined.

DATED: January 30, 2006

Respectfully submitted,

By: /s/ Joseph Goldberg_____
JOSEPH GOLDBERG, Bar # 291096
Assistant General Counsel
MARK D. ROTH, Bar # 235473
General Counsel
AMERICAN FEDERATION OF
 GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, N.W.
Washington, DC 20001
(202) 639-6426

By: /s/ Sally M. Tedrow_____
SALLY M. TEDROW, Bar #938803
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, DC 20016
(202) 362-0041

|  |  |
|---|---|
| By: | /s/ Susan Tsui Grundmann<br>SUSAN TSUI GRUNDMANN, Bar #433437<br>General Counsel<br>NATIONAL FEDERATION OF FEDERAL<br>  EMPLOYEES, FD-1, IAMAW, AFL-CIO<br>1016 16th Street, N.W.<br>Washington, DC  20036<br>(202) 862-4400 |
| By: | /s/ Daniel M. Schember<br>DANIEL M. SCHEMBER, Bar #237180<br>GAFFNEY & SCHEMBER, P.C.<br>1666 Connecticut Avenue, N.W.<br>Suite 225<br>Washington, DC  20009<br>(202) 328-2244 |

*Attorneys for Plaintiffs*

*Of Counsel:*  JEAN E. ZEILER
Senior Counsel
NATIONAL ASSOCIATION OF
  GOVERNMENT EMPLOYEES, SEIU,
  AFL-CIO
159 Burgin Parkway
Quincy, MA  02169
(617) 376-0220

JULIA AKINS CLARK, Bar #337493
General Counsel
INTERNATIONAL FEDERATION OF
  PROFESSIONAL AND TECHNICAL
  ENGINEERS, AFL-CIO
8630 Fenton Street, Suite 400
Silver Spring, MD  20910
(301) 565-9016

PATRICK J. SZYMANSKI, Bar #269654
General Counsel
INTERNATIONAL BROTHERHOOD OF
  TEAMSTERS
25 Louisiana Avenue, N.W.
Washington, DC  20001
(202) 624-6945

138215_1

6