IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF<br>  GOVERNMENT EMPLOYEES, et al.,<br><br>        Plaintiffs,<br>    v.<br><br>DONALD RUMSFELD, SECRETARY OF<br>  DEFENSE, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>) Case No. 1:05CV02183 EGS<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MEMORANDUM REGARDING
HOLLY SUGAR CORPORATION V. JOHANNS**

On February 7, 2006, the Court ordered the parties to file a memorandum addressing the applicability to this case of the legislative history discussion in *Holly Sugar Corporation v. Johanns*, 2006 WL 276945 (D.C. Cir. Feb. 7, 2006). The statute at issue in *Holly Sugar* authorized the Commodity Credit Corporation to make "nonrecourse" loans to processors of domestically grown sugarcane. As initially enacted, the statute did not specify what interest rate should be charged on these loans; by regulation, the agency set a uniform interest rate for all agricultural loans (including those made to sugar processors) equal to the rate of interest charged by the Treasury. Congress amended the statute in 1996 to mandate an interest rate for loans for "agricultural commodities" that was one percentage point higher than the rate established by the agency. *Id.* * 1. In 2002, the statute was again amended to provide that, for purposes of the interest rate provision, sugar is not an "agricultural commodity." *Id.* * 2. As the D.C. Circuit explained, the two amendments, when read together, "have no effect on sugar loans" because the 2002 amendment "exempts sugar" from the 1996 amendment which was "the only provision that sets an interest rate." *Id.* *3.

Although the statute, on its face, did not mandate any interest rate for loans provided for sugar, the plaintiffs insisted that the legislative history established that Congress intended to require

the agency to reimpose the Treasury rate, *i.e.*, the regulatory rate in effect prior to the 1996 statute. In that regard, the Senate Report stated that "the 2002 Act reduces the CCC interest rate on sugar loans by 100 basis points." *Id.* \*4 (internal quotation omitted). The House Report was "more equivocal" but also "explains that the provision reduces the CCC interest rate on price support loans without specifying how much." *Id.* (internal quotation omitted). "Mirroring the statute's language," the Conference Report stated that the 2002 amendment makes the statute governing interest rates "inapplicable to sugar." *Id.* (internal quotation omitted). Notwithstanding these reports, the D.C. Circuit concluded that the agency was not required to reduce the interest rate on sugar loans:

> Taken together, these reports fall far short of the "extraordinary circumstances" in which a statute's unambiguous language might not control. . . . Indeed, of the three reports, only the Senate's gives any inkling that Congress may have had a particular interest rate in mind, and the conference report - to which we ordinarily ascribe the most weight . . . - gives no indication whatever that Congress intended to restore the pre-1996 rate.
>
> In short, contrary to the processors' argument, the statute sets no interest rate for sugar. Instead, it sets an interest rate for all other commodities and specifically exempts sugar. . . Thus agreeing with the CCC that Congress unambiguously gave it discretion over the sugar interest rate, we end our *Chevron* analysis at step one.

*Id.* \*4.

Much like *Holly Sugar*, the statute here clearly "exempts" DOD's labor relations system from the statutory requirements that would otherwise apply under section 9902(d)(2). 5 U.S.C. § 9902(m)(1) ("Notwithstanding section 9902(d)(2), the Secretary, together with the Director, may establish and from time to time adjust a labor relations system for the Department of Defense . . ."). By exempting that system from section 9902(d)(2) - - which otherwise would have made Chapter 71 of Title 5 "nonwaivable" - - Congress unambiguously gave the Agencies discretion to create a new system that differs from the labor management relations scheme created by Chapter 71.

Moreover, as in *Holly Sugar*, the legislative history here "fall[s] far short of the 'extraordinary circumstances' in which a statute's unambiguous language might not control." 2006

WL 276945 *4. In fact, plaintiffs' contentions here are far less compelling than those considered and rejected by the D.C. Circuit in *Holly Sugar*. In *Holly Sugar*, a Senate committee report explicitly endorsed the sugar producers' contention that the 2002 Act reduces the interest rate by one percent. The House committee report likewise stated that the provision reduces the interest rate on such loans although it did not specify how much. Notwithstanding the explicit language in the House and Senate reports, the D.C. Circuit concluded that the unambiguous language of the statute - - which set no interest rate for sugar - - was controlling.

Here, *none* of the committee reports provide any support at all for plaintiffs' contention that Congress intended to require the DOD labor relations system to be consistent with section 9902(d)(2). *See generally* Memorandum in Support of Defendants' Motion to Dismiss ("Def. Mem.") at 28-29; Reply in Support of Defendants' Motion to Dismiss at 7-9. Moreover, the various statements of individual Senators during the floor debate on the bill directly conflict with those of their counterparts in the House. Def. Mem. at 30 n. 10. In these circumstances, as the D.C. Circuit found in *Holly Sugar*, the unambiguous language of the statute is controlling.

Dated: February 8, 2006         Respectfully submitted,

                                PETER D. KEISLER
                                Assistant Attorney General

                                KENNETH L. WAINSTEIN
                                United States Attorney

                                  s/ Joseph W. LoBue
                                SUSAN K. RUDY, D.C. Bar # 369112
                                JOSEPH W. LOBUE, D.C. Bar # 293514
                                JEFFREY M. SMITH, D.C. Bar # 467936
                                JONATHAN ZIMMERMAN, MA Bar # 654255
                                Attorneys, U.S. Department of Justice
                                20 Massachusetts Avenue, N.W., Room 7300
                                Washington, D.C. 20530
                                Telephone: (202) 514-4640
                                Attorneys for Defendants