IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF<br>  GOVERNMENT EMPLOYEES, et al.,<br>          Plaintiffs,<br>      v.<br><br>DONALD RUMSFELD, et al.,<br>          Defendants. | )<br>)<br>)<br>) Case No. 1:05CV02183 EGS<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO FEBRUARY 13, 2006 MINUTE ORDER**

The Court's February 13, 2006 Minute Order directs the parties to address binding and persuasive authority governing the Court's interpretation of the phrase "independent third party review" in 5 U.S.C. § 9902(m)(6).  Of course, statutory terms must be interpreted within their context.  *See Textron Lycoming v. United Automobile*, 523 U.S. 653, 657 (1998).  Section 9902(m)(6) provides that "[t]he labor relations system developed or adjusted under this section shall provide for independent third party review of decisions, including defining what decisions are reviewable by the third party, what third party would conduct the review, and the standard or standards for that review." 5 U.S.C. § 9902(m)(6).  This language provides broad discretion to the Agencies to set up the review process, to establish the standard of review, and to select "what third party would conduct the review."  The Agencies have implemented this provision by establishing an independent third party review process consisting of two elements–review by the National Security Labor Relations Board ("NSLRB") followed by an appeal to the Federal Labor Relations Authority ("FLRA").  *See* Defs. Opening Mem. at 46-48.  There is no authority directly addressing what is meant by independent third party review.  However, controlling and persuasive authority demonstrates that the NSLRB is an independent third party as that term is used by Congress. Moreover, to the extent there is any ambiguity in these terms, the Agencies' interpretation is entitled to deference under *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984).

In the context of the federal government, the hallmark of independence is a limitation on the removal of an entity's members.  In *Mistretta v. United States*, 488 U.S. 361 (1989), for example, the Supreme Court held that a statute that created the Federal Sentencing Commission was structured to "safeguard the independence of the Commission from executive control" by specifying that "the President may remove the Commission members only for good cause."  *Id.* at 410.  As the Court explained: "Such congressional limitation on the President's removal power, like the removal provisions upheld in *Morrison v. Olson*, 487 U.S. 654 (1988), and *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), is specifically crafted to prevent the President from exercising 'coercive influence' over independent agencies."  *Id.* at 411.  *See also Morrison*, 487 U.S. at 693 (restriction on removal power "establish[es] the necessary independence of the office.").  The NSLRB is similarly independent, as the Secretary may remove a member of the NSLRB only "for inefficiency, neglect of duty or malfeasance in office." 70 Fed. Reg. 66130; *id.* at 66212 (§ 9901.907(b)(2)).  The fact that the NSLRB's members are appointed by the Secretary rather than the President does not undermine the Board's independence.  *See* 22 U.S.C. § 4135 (Members of Foreign Service Grievance Board are "independent," although appointed by the Secretary of State for 2 year term).

A "third party" to a contract is a "person who is not a party to [the] agreement . . . but who is usu[ally] somehow implicated in it."  Black's Law Dictionary, at 1518 (8th ed. 2004).  The NSLRB fits this definition because it is not a party to the labor agreements that it will be interpreting and adjudicating.  As demonstrated by the appendix to Plaintiffs' Motion for Summary Judgment, the collective bargaining agreements that the NSLRB will interpret and adjudicate are agreements between individual components of DoD and labor organizations.[1]  The mere fact that the NSLRB

---

[1] *See, e.g.*, Pls. Appx. at 36 (Defense Finance and Accounting Service); Pls. Appx. at 168 (Pearl Harbor Naval Shipyard and Intermediate Maintenance Facility); Pls. Appx. at 198 (Naval Warfare Center Weapons Division); Pls. Appx. at 227 (Puget Sound Naval Shipyard); Pls. Appx. at 257 (Letterkenny Army Depot); Pls. Appx.

is housed within the same umbrella agency of DoD does not diminish its independent third party status. *See Tunik v. Merit Systems Protection Board*, 407 F.3d 1326, 1333 (Fed. Cir. 2005) (noting that "[i]n an effort to maintain a level of independence for the examiners, the APA provided for employment of examiners by each agency subject to" removal solely for good cause).

Finally, NSLRB decisions regarding unfair labor practices, arbitral awards, and negotiability disputes are also subject to review by the FLRA, 5 U.S.C. § 9901.909(a)(4), which has long been recognized as an independent third party when adjudicating labor disputes. *See AFGE v. Devine*, 751 F.2d 1424, 1430 (D.C. Cir. 1985) (FLRA is an "independent and bipartisan body" that is a "neutral third-party when acting in its adjudicatory capacity.").

Dated: February 15, 2006            Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
KENNETH L. WAINSTEIN
United States Attorney

          /s/
SUSAN K. RUDY, D.C. Bar # 369112
JOSEPH W. LOBUE, D.C. Bar # 293514
JEFFREY M. SMITH, D.C. Bar # 467936
JONATHAN ZIMMERMAN, MA Bar # 654255
Attorneys, United States Department of Justice
20 Massachusetts Avenue, N.W., Room 7300
Washington, D.C. 20530
Telephone: (202) 514-4640

---

at 265 (U.S. Army Engineering District New England); Pls. Appx. at 275 (Vandenberg Air Force Base); Pls. Appx. at 283 (Watervliet Arsenal); Pls. Appx. at 295 (Red River Army Depot); Pls. Appx. at 308 (White Sands Missile Range); Pls. Appx. at 324 (Headquarters U.S. Army Materiel Command); Pls. Appx. at 473 (DoD Dependent Schools); Pls. Appx. at 511 (Adjutant General of Alabama); Pls. Appx. at 518 (Adjutant General of Georgia); Pls. Appx. at 525 (Adjutant General of Massachusetts); Pls. Appx. at 543 (Adjutant General of North Carolina); Pls. Appx. at 550 (Adjutant General of New Hampshire); Pls. Appx. at 573 (Adjutant General of Pennsylvania); Pls. Appx. at 583 (Adjutant General of the Virgin Islands); Pls. Appx. at 599 (Washington Air and Army National Guard); Pls. Appx. at 611 (Naval Air Depot in Jacksonville, Florida); Pls. Appx. at 626 (Naval Station Department of Public Safety); Pls. Appx. at 643 (Air Force Materiel Command); Pls. Appx. at 652 (U.S. Dept. of Commerce National Institute of Standards and Technology); Pls. Appx. at 656 (Commander Navy Region Northwest).