UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*, </br></br>Plaintiffs, </br></br> v. </br></br> DONALD H. RUMSFELD, SECRETARY, UNITED STATES DEPARTMENT OF DEFENSE, *et al.*, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br> Civ. A. No. 05-02183 (EGS) |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO FEBRUARY 13, 2006, ORDER**

There is no binding precedent on the meaning of "independent third party" in 5 U.S.C. § 9902(m)(6).  The Court should interpret this phrase in accordance with its use in related contexts. *See* Pls.' Mem. in Supp. of Mot. for Summ. J., Docket No. 10-1 at 22-23.

In labor law, "independent third party" often refers to an arbitrator – or another separate entity or person – jointly selected by labor and management.  *See*, *e.g.*, *Chicago Typographical Union No. 16 v. Chicago Newspaper Publishers' Association*, 853 F.2d 506, 509 n.6 (7th Cir. 1988) (interest arbitration and grievance arbitration involve "submission of disputes . . . to an independent third party").  In *Colonial Sand & Stone Co. v. Geoghegan*, 367 F. Supp. 932, 933, 937 (S.D.N.Y. 1973), labor and management selected the Construction Industry Stabilization Committee as "an independent third party" to resolve contract questions.[1]

---

[1] In *Harding Glass Industries v. NLRB*, 533 F.2d 1065, 1067, 1069 (8th Cir. 1976), the "independent third party" was a priest selected to conduct a "card check" to determine whether the union represented a majority of the employees.  In *Gilbert v. Homar*, 520 U.S. 924, 927, 934 (1997), the Court upheld a state university's suspension of an employee who had been arrested and charged with drug offenses because "an independent third party" – the state police – had found probable cause to believe the employee had committed the offense.  A bankruptcy trustee is an "independent third party."  *In re Vazquez*, 325 B.R. 30, 38 (S.D. Fla. 2005).  So is an "independent third party accountant."  *United States v. The Thomson Corporation*, Civ. A. No. 96-1415 (PLF), 1997 U.S. Dist. LEXIS 1893 (D.D.C. February 27, 1997), at *11.  *See also Pinto v. Reliance Standard Live Ins. Co.,* 214 F.3d 377, 383 (3d. Cir. 2000) (distinguishing in-house benefits committee from independent third party decision-maker).

In *Nat'l Treasury Employees Union v. Chertoff,* 385 F. Supp.2d 1 (D.D.C. 2005), Judge Collyer discussed the Homeland Security Labor Relations Board ("HSLRB"), which is the counterpart of the NSLRB in the HR system proposed in the DHS regulations. 385 F. Supp.2d at 19-20 & n. 13, 29. In contrast to the enabling statute at issue in this proceeding, the Homeland Security Act of 2002 includes no provision requiring independent third party review of labor management decisions. The unions in that case challenged the establishment of the HSLRB as contrary to the traditional concept of collective bargaining. 385 F. Supp.2d at 29.

While Judge Collyer did not find that the HSLRB violated collective bargaining as such, she did note that it did not pass muster as "an outside neutral adjudicator" or a "truly neutral outside[r]." *Id.* at 29. She cited the NLRB (and, by extension, the later-created FLRA) as Congress's model for such an entity, contrasting the NLRB with the HSLRB which – like the NSLRB – both investigates and decides labor-management disputes. *Id.* at 19-20 & n. 13. It was only because, in her view, Congress deliberately allowed the DHS to establish a system which did not incorporate the NLRB/FLRA neutral adjudicative model that Judge Collyer upheld the HSLRB. *Id.* at 29-30. While she upheld the regulation under *Chevron* Step 2, she specifically noted that – even absent any independent third party review requirement – the agencies' justification for such an internal board was "thin." 385 F. Supp.2d at 29. Judge Collyer's decision thus stands as persuasive authority for the position that the NSLRB does not provide "independent third party review."

In their motion to dismiss, Defendants assert with respect to the NSLRB that "this type of adjudicatory body is hardly unusual in the executive branch." (Mot. to Dismiss, Docket No. 13, at 47.) As support, they cite "various federal Boards of Contract Appeals" and "A[dministrative Law] J[udge]s throughout the executive branch…." *Id.* However, Contract Appeals Boards and

Administrative Law Judges are appointed subject to 5 U.S.C. § 3105 and accompanying regulations, which *inter alia* provide for strict controls on employing agencies, require appointments to be made only under the oversight of OPM, confer appointees with civil service protections and the expectation of lifetime careers, and deny agencies the ability to do performance reviews. *See, e.g.,* 5 U.S.C.S. § 3105 (LexisNexis 2005) (history, ancillary laws and directives stating appointments are made subject to civil service laws); 5 C.F.R § 930.203 (oversight of OPM); 5 C.F.R. § 930.211 (no agency power to conduct performance reviews). Perhaps most importantly, these appointees serve as adjudicators only, not as investigators. 5 U.S.C. §§ 553, 554, 556.

In contrast, NSLRB members are appointed and serve at the "sole and exclusive discretion" of the Secretary, they enjoy no civil service protections, they are subject to agency performance reviews, and they have both investigative and adjudicatory functions. 5 C.F.R. §§ 9901.907(b), (c), (d). The NSLRB stands in stark contrast to the adjudicators to which the Defendants attempt to compare them. Such comparisons merely reinforce the conclusion that the NSLRB is not an "independent third party" within the meaning of the statute.

Defendants' internal board composed of persons selected by the Secretary is not an "independent third party," as that term is used in labor and employment law decisions, and cases in other areas. Under the precedents discussed above, and for the other reasons stated in our previous papers, Plaintiffs' challenge to the board should be sustained.

Respectfully submitted,

| | |
|---|---|
| */s/*<br>JOSEPH GOLDBERG, Bar # 291096<br>Assistant General Counsel<br>MARK D. ROTH, Bar # 235473<br>General Counsel<br>AMERICAN FEDERATION OF<br>GOVERNMENT EMPLOYEES, AFL-CIO<br>80 F Street, N.W.<br>Washington, DC  20001<br>(202) 639-6426 | */s/*<br>SALLY M. TEDROW, Bar #938803<br>ROBERT MATISOFF, Bar #210294A<br>KEITH R. BOLEK, Bar #463129<br>O'DONOGHUE & O'DONOGHUE LLP<br>4748 Wisconsin Avenue, N.W.<br>Washington, DC  20016<br>(202) 362-0041 |
| */s/*<br>SUSAN TSUI GRUNDMANN, Bar #433437<br>General Counsel<br>NATIONAL FEDERATION OF FEDERAL<br>EMPLOYEES, FD-1, IAMAW, AFL-CIO<br>1016 16th Street, N.W.<br>Washington, DC  20036<br>(202) 862-4400 | */s/*<br>DANIEL M. SCHEMBER, Bar #237180<br>GAFFNEY & SCHEMBER, P.C.<br>1666 Connecticut Avenue, N.W.<br>Suite 225<br>Washington, DC  20009<br>(202) 328-2244 |

**Attorneys for Plaintiffs**

138940_1.DOC